No. 2004-126

## LEONARD VIGEANT

v.

## TOWN OF HUDSON

Argued: September 23, 2004
Opinion Issued: February 23, 2005

*Prunier, Leonard & Prolman, P.A.*, of Nashua (*Andrew A. Prolman* on the memorandum and orally), for the plaintiff.

*Bossie, Kelly, Hodes, Buckley & Wilson, P.A.*, of Manchester (*David E. LeFevre* on the brief and orally), for the defendant.

BRODERICK, C.J. The defendant, Town of Hudson (Town), appeals from an order of the Superior Court (*Groff*, J.) vacating a decision of the Hudson Zoning Board of Adjustment (ZBA). The ZBA denied a variance to the plaintiff, Leonard Vigeant, from the road setback requirements and denied a special exception for a temporary encroachment into a wetland buffer zone. The Town argues that the trial court erred in: (1) neglecting to independently address each requirement for a variance that the ZBA found the plaintiff failed to satisfy; (2) failing to consider whether the "intensity" of the proposed project was reasonable; (3) concluding that the ZBA improperly denied an area variance for a five-unit multifamily dwelling when the ZBA granted a use variance for a two-family dwelling; and (4) considering that neighboring structures were less than fifty feet from Windham Road. We affirm.

The following facts are supported by the record. In October 2002, the plaintiff filed an application with the ZBA for an area variance for a five-

unit multifamily dwelling to be constructed at 69 Windham Road in Hudson, with the individual units connected either by a garage or a screened porch. The property is zoned as a Business District. Multifamily dwellings, defined in the Town's zoning ordinance as three or more attached dwelling units, are a permitted use in a Business District.

The parcel of land is a long, narrow, mostly rectangular lot approximately 770 feet long by 129 feet wide at its widest end, constituting about 1.6 acres. The land is bounded along its southerly boundary by Route 111 and along its northerly and easterly boundaries by Windham Road. The zoning ordinance requires a fifty-foot setback from Windham Road and a fifteen-foot setback from Route 111. However, an area of wetlands is present along the southerly boundary, which was created by drainage from Route 111 and failure to maintain the drainage ditch. Because the zoning ordinance requires a fifty-foot setback from wetlands, the setback from Route 111 is actually fifty feet instead of fifteen feet.

The plaintiff applied for a variance from the fifty-foot setback to allow construction to extend to within thirty feet of Windham Road and for a special exception to permit a temporary encroachment of ten feet into the wetlands buffer zone during construction. On February 13, 2003, a public hearing was held on the plaintiff's application. The ZBA voted unanimously to deny the request for a variance on grounds that the application was not consistent with the spirit of the ordinance, that there was no evidence of hardship, that there would be a diminution of surrounding property values and that it would be contrary to the public interest. The ZBA also voted unanimously to deny the request for a wetlands special exception.

The plaintiff filed a motion for rehearing, attaching a letter from a real estate appraiser expressing the opinion that the development would have no impact on the value of surrounding properties. The ZBA denied a rehearing and the plaintiff appealed to the superior court.

Following a hearing and a view, the trial court found that the ZBA's denial of the plaintiff's request for a variance from the setback requirement "is unlawful and unreasonable and must be set aside." The court applied the test of unnecessary hardship adopted in *Simplex Technologies v. Town of Newington*, 145 N.H. 727 (2001), recognizing that applicants "no longer must show that the zoning ordinance deprives them of any reasonable use of the land. Rather, they must show that the use for which they seek a variance is reasonable considering the property's unique setting in its environment." (Citation omitted.)

The trial court noted that the proposed multifamily development is a permitted use for the property under existing zoning and that "[d]espite its impact on the residential neighborhood, the nature of its permitted use cannot provide any basis to deny the variance request." In addition, the court found that the lot is unique, not just in its setting, but in its very character and description. The court stated: "It would be difficult to envision any reasonable permitted use which could be made of this parcel of real estate. Any reasonable permitted use of this real estate would probably require at least similar relief from the setback requirements." The court also found that there was no evidence that the surrounding property values would be adversely affected by the variance.

The court concluded:

> [T]he street setback requirements and the buffer zone setback requirements interfere with the reasonable use of the petitioner's property considering the unique setting of the property in its environment. No fair and substantial relationship exists between the general purposes of the zoning ordinance and these setback restrictions on this property. There is no evidence that either the variance or the special exception would injure the public rights of others.
>
> The Court finds that the Board's findings that the application is not consistent with the spirit of the Ordinance, that there is no evidence of hardship, that the values of the surrounding properties have been diminished, and that the granting of this variance is contrary to the public interest are not supported by any evidence.

The trial court must treat all factual findings of the ZBA as *prima facie* lawful and reasonable. RSA 677:6 (1996). The party seeking to set aside the ZBA's decision bears the burden of proof on appeal to the trial court. *Id.* "However, the trial court may set aside a ZBA decision if it finds by the balance of probabilities, based on the evidence before the court, that the ZBA's decision was unreasonable." *Simplex Technologies,* 145 N.H. at 729. We will uphold the trial court's decision on appeal unless it is not supported by the evidence or is legally erroneous. *Bacon v. Town of Enfield,* 150 N.H. 468, 471 (2004). Our inquiry is not whether we would find as the trial court found, but rather whether the evidence before the court reasonably supports its findings. *Id.* "[T]he findings of the trial court are within its sound discretion, particularly when a view has been taken." *Husnander v. Town of Barnstead,* 139 N.H. 476, 479 (1995).

In order to receive a variance, an applicant must meet five criteria: (1) the variance will not be contrary to the public interest; (2) special conditions exist such that a literal enforcement of the provisions of the ordinance will result in unnecessary hardship; (3) the variance is consistent with the spirit of the ordinance; (4) substantial justice is done; and (5) the variance will not diminish the value of surrounding properties. RSA 674:33, I(b) (Supp. 2004); *Ryan v. City of Manchester Zoning Board*, 123 N.H. 170, 173 (1983). In decisions over the past several years, we have attempted to clarify the unnecessary hardship standard.

In *Simplex*, we recognized that in seeking a variance, the hardship requirement had been the most difficult to meet. Accordingly, we adopted a less restrictive test of unnecessary hardship to better safeguard the constitutional rights of all landowners and to more properly balance those rights against the necessity of zoning ordinances. *See Simplex*, 145 N.H. at 731-32. Rather than require a showing that an ordinance unduly restricts the use of their land, applicants for a variance could establish unnecessary hardship by proof that: (1) a zoning restriction as applied to their property interferes with their reasonable use of the property, considering the unique setting of the property in its environment; (2) no fair and substantial relationship exists between the general purposes of the zoning ordinance and the specific restriction on the property; and (3) the variance would not injure the public or private rights of others. *Id.*

We further refined the unnecessary hardship standard in *Boccia v. City of Portsmouth*, 151 N.H. 85, 90-92 (2004), distinguishing between use variances and area variances. A use variance allows the applicant to undertake a use that the zoning ordinance prohibits. "Because the fundamental premise of zoning laws is the segregation of land according to uses, use variances pose a greater threat to the integrity of a zoning scheme." *Bacon*, 150 N.H. at 477 (Dalianis and Duggan, JJ., concurring specially). "In contrast, the area variance is a relaxation of one or more incidental limitations to a permitted use and does not alter the character of the district as much as a use not permitted by the ordinance." *Id.* (quotation omitted).

Recognizing that a further modification of the unnecessary hardship standard was appropriate in the context of area variances, we adopted two factors that an applicant must satisfy: (1) whether an area variance is needed to enable the applicant's proposed use of the property given the special conditions of the property; and (2) whether the benefit sought by

the applicant can be achieved by some other method reasonably feasible for the applicant to pursue, other than an area variance. *Boccia*, 151 N.H. at 94.

Regarding the first factor, we explained that the landowner need not show that without a variance the land would be valueless. Rather, "assuming that the landowner's plans are for a permitted use, but special conditions of the property make it difficult or impossible to comply with applicable setbacks or other restrictions, then the area variances might be necessary from a practical perspective to implement the proposed plan." *Id.* at 92. Regarding the second factor, the question is "whether there is a reasonably feasible method or methods of effectuating the proposed use without the need for variances." *Id.* at 93. "[W]hether an area variance is required to avoid an undue financial burden on the landowner" is determined by a "showing of an adverse effect amounting to more than mere inconvenience." *Id.* The applicant is not, however, required to show that "without the variance the land will be rendered valueless or incapable of producing a reasonable return." *Id.*

Both parties in the case before us request guidance in applying the *Boccia* unnecessary hardship factors to this area variance application. As to the first factor, whether an area variance is needed to enable the applicant's proposed use of the property given the special conditions of the property, the Town questions whether the reasonableness of the proposed use is to be taken into account. As to the second factor, whether the benefit sought by the applicant can be achieved by some method reasonably feasible for the applicant to pursue, other than an area variance, the plaintiff questions whether the ZBA can require an applicant to agree to a different variance or accept an alternative use for the property, such as building fewer units of multifamily housing than what the applicant is proposing.

■ We hold that it is implicit under the first factor of the *Boccia* test that the proposed use must be reasonable. When an area variance is sought, the proposed project is presumed to be reasonable if it is a permitted use under the Town's applicable zoning ordinance. In the case before us, it is permissible for the plaintiff to build five units of multifamily housing on his property. Other permissible uses in a Business District under the zoning ordinance include, for example, an automotive service and repair station, a laundromat, a retail establishment, a funeral home or a warehouse. The plaintiff determined, however, that multifamily housing was, of the permitted uses, the most appropriate for the neighborhood. If

the use is allowed, an area variance may not be denied because the ZBA disagrees with the proposed use of the property. Given that the proposed use in this case is permitted and thus presumptively reasonable, the issue is whether the plaintiff has shown that to build five multifamily dwelling units it is necessary to obtain a setback variance, given the property's unique setting in its environment.

■■■ Under the second factor of the *Boccia* test, there must be no reasonable way for the applicant to achieve what has been determined to be a reasonable use without a variance. In making this determination, the financial burden on the landowner considering the relative expense of available alternatives must be considered. *See id.* at 94-95 (remanding case to determine whether there were reasonably feasible alternative methods to implement proposed use of hotel, such as underground parking or additional level to structure, that would obviate need for area variances).

The ZBA focused upon whether an alternative use of fewer dwelling units was more suitable. In the context of an area variance, however, the question whether the property can be used differently from what the applicant has proposed is not material. *See id.* at 95 (sixty-room hotel not viable alternative presented in opposition to applicant's proposed 100-room hotel).

Based upon the trial court's findings, we conclude that the plaintiff has satisfied the two *Boccia* hardship criteria for an area variance. The plaintiff has shown that, given the property's unique setting in its environment, it is necessary to obtain a setback variance to build five multifamily dwelling units. The trial court found that the plaintiff's lot "is unique, not just in its setting, but in its very character and description." Because of the setback from Windham Road and the wetlands buffer zone, the trial court recognized that "there would be an area of only approximately twenty (20) to twenty-five (25) feet in width and less than 200 feet in length which could be developed." As the court concluded, "It would be difficult to envision any reasonable permitted use which could be made of this parcel of real estate."

■■■ The evidence supports the conclusion that there is no reasonable way for the plaintiff to achieve the permitted use without a variance. We hold that the plaintiff's proposed use is a permitted use and that special conditions of the property make it impossible to comply with the setback requirements. From a practical standpoint, an area variance is necessary to implement the proposed plan. *Id.* at 92.

Although the Town argues that the trial court neglected to independently address each requirement for a variance which the ZBA found the plaintiff failed to satisfy, we reject this position. A complete reading of the court's written order reveals that the court did address each of the applicable criteria.

*Affirmed.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred.