922 A.2d 672 (2007)
Charles KALIL and another.
v.
TOWN OF DUMMER ZONING BOARD OF ADJUSTMENT.
No. 2006-381.
Supreme Court of New Hampshire.
Argued: February 21, 2007.
Opinion Issued: April 19, 2007.
*674 Cooper, Deans & Cargill, P.A., of North Conway (Randall F. Cooper and Claudine C. Safar on the brief, and Mr. Cooper orally), for the plaintiffs.
Law Office of James E. Michalik, of Berlin (James E. Michalik on the memorandum of law and orally), for the defendant.
DUGGAN, J.
The plaintiffs, Charles and Brenda Kalil, appeal an order of the Superior Court (Vaughan, J.) remanding this matter to the defendant, the Zoning Board of Adjustment (ZBA) for the Town of Dummer (Town). We affirm in part and remand.
I. Background
The following facts appear in the record. The plaintiffs own a parcel of land situated in both the Town's conservation and conservation overlay zones. On November 3, 2004, they filed applications with the Town's selectmen for building permits to construct a barn, a bird barn with flying pen, and a farmhouse. The selectmen denied the applications, ruling that the building of new structures is not permitted in the conservation overlay zone and that the proposed structures were not permitted uses.
The plaintiffs appealed to the ZBA. At the same time, they sought a variance from the ZBA to construct a fish and game farm, which would include the barn, bird barn and farmhouse that were the subject of the building permit applications. The ZBA conducted a hearing on March 23, 2005, to consider the plaintiffs' appeal and their application for a variance. After the hearing, the ZBA voted to deny both the building permits appeal and the variance application. After unsuccessfully moving for rehearing, the plaintiffs appealed to the superior court. Describing the record as "meager," the superior court ruled that the ZBA's decision was "under developed"; therefore, it remanded the matter to the ZBA for further proceedings. This appeal followed.
II. Variance
The plaintiffs first argue that the superior court should not have remanded the matter to the ZBA, but instead should have weighed the evidence in the record to determine whether the requirements for a variance were satisfied. The superior court's review in zoning cases is limited. Garrison v. Town of Henniker, 154 N.H. 26, 29, 907 A.2d 948, 950 (2006). Factual findings of the ZBA are deemed prima facie lawful and reasonable and will not be set aside by the superior court absent errors of law, unless the court is persuaded by a balance of probabilities on the evidence before it that the ZBA decision is unreasonable. Id. The party seeking to set aside the ZBA decision in the superior court bears the burden of proof. Id. We, in turn, will uphold the superior court's decision unless it is not supported by the evidence or is legally erroneous. Harrington v. Town of Warner, 152 N.H. 74, 77, 872 A.2d 990 (2005).
The superior court ruled that "the ZBA's explanations for why the application failed to satisfy the variance criteria are not fully developed and in some instances do not state a definitive conclusion." To the extent this ruling means the superior court reversed the ZBA's decision because it found the decision lacked findings, the ruling constitutes error. "Although *675 disclosure of specific findings of fact by a board of adjustment may often facilitate judicial review, the absence of findings, at least where there is no request therefor, is not in and of itself error." Thomas v. Town of Hooksett, 153 N.H. 717, 724, 903 A.2d 963 (2006); see also Pappas v. City of Manchester Zoning Bd., 117 N.H. 622, 625, 376 A.2d 885 (1977).
On the other hand, to the extent the superior court intended to vacate and remand the matter because it found the text of the decision unclear, we see no error. We emphasize that this is a case about the superior court's authority. This is not a case about the procedures the ZBA must follow.
The superior court, consistent with its statutory authority, could have approached this case in any of several ways. It could have conducted its review based upon the decision and record before it, see RSA 677:6 (1996), or it could have taken additional evidence, see RSA 677:10, :13 (1996); Robinson v. Town of Hudson, 149 N.H. 255, 258, 821 A.2d 959 (2003). The court did not take either of these steps. Instead, the court found the ZBA's decision unclear and remanded to permit clarification. Thus, the question becomes whether the superior court is without authority to do so by operation of either the plain language of the statutory scheme or our case law.
We discern nothing in either the plain language of the statutes or our case law that would preclude the superior court from remanding this matter to the ZBA for clarification. RSA 677:6 contains no such express restriction. It does, however, require the superior court to treat the findings of the ZBA as prima facie lawful and reasonable. See RSA 677:6. Requiring the ZBA's findings to be treated as prima facie lawful and reasonable clearly envisages some amount of deference to the local zoning boards. Rather than review text that it found to be unclear, the superior court opted to follow a more cautious approach, remanding to permit the ZBA to clarify its decision. Significantly, the superior court's order does not direct the ZBA to make findings. See Thomas, 153 N.H. at 724, 903 A.2d 963.
In addition, RSA 677:10 and :13 expressly allow the superior court to take additional evidence on appeal and provide a means "to assist the court in evaluating the action of the board." Robinson, 149 N.H. at 258, 821 A.2d 959 (quotation omitted); see also Pappas, 117 N.H. at 625, 376 A.2d 885 (holding, under the predecessor to RSA 677:10, "to the extent the record of the evidence before the board is incomplete or nonexistent, the aggrieved party may . . . present evidence to the trial court. Such additional evidence may be taken into consideration even though it was not before the board."). If the statutory scheme contemplated a review process wherein the superior court were required to review only the decision and record presented to it initially  and could not take steps to assist it in evaluating the decision  then it would make little sense for the legislature to allow the court to take additional evidence.
Furthermore, RSA 677:11 (1996) provides:
The final judgment upon every appeal shall be a decree dismissing the appeal, or vacating the order or decision complained of in whole or in part, as the case may be; but, in case such order or decision is wholly or partly vacated, the court may also, in its discretion remand . . . for such further proceedings, not inconsistent with the decree, as justice may require.
To the extent the superior court intended to vacate the ZBA's decision and to remand *676 for clarification, its order is consistent with the above-quoted provisions of RSA 677:11.
Having examined the statutory scheme, we turn to the case law. Although we have held that a ZBA's failure to make factual findings is not reversible error, Thomas, 153 N.H. at 724, 903 A.2d 963, it does not necessarily follow that the superior court is without authority to remand a decision for clarification where it determines that the decision is unclear. A remand to permit clarification does not necessarily mean that the court is either ordering the ZBA to make findings or finding error where findings are absent. Nor does it mean that the court has reversed the ZBA's decision. It simply means that the court opts not to reach the merits of the appeal because it is uncertain as to the board's rationale or conclusions. So it is here. The superior court's order states, "[T]his Court cannot determine whether the ZBA's decision is lawful and reasonable." Presumably in the interest of justice, the court vacated the ZBA's decision and remanded to permit the ZBA to clarify its decision. See RSA 677:11.
The plaintiffs, citing Vigeant v. Town of Hudson, 151 N.H. 747, 750-51, 867 A.2d 459 (2005), contend both that the superior court erred by failing to review the evidence in the record and that we should overrule our decisions in Chester Rod & Gun Club v. Town of Chester, 152 N.H. 577, 583, 883 A.2d 1034 (2005), and Lone Pine Hunters' Club v. Town of Hollis, 149 N.H. 668, 670-71, 826 A.2d 582 (2003), to the extent that those cases hold "that superior courts are precluded from weighing the evidence." We disagree.
First, the instant case is not one in which the superior court reviewed a ZBA decision to determine whether it was supported by the evidence, see Vigeant, 151 N.H. at 750, 867 A.2d 459, or committed error in the course of that review, see Lone Pine, 149 N.H. at 670-71, 826 A.2d 582. Instead, here, the superior court held that the decision itself was unclear and remanded it to the ZBA to permit clarification so that review could then take place. Thus, the superior court's decision here did not effectively deny the plaintiffs judicial review of the ZBA's decision and we reject their argument to the contrary.
Second, in both Chester Rod & Gun Club, 152 N.H. at 583, 883 A.2d 1034, and Lone Pine, 149 N.H. at 670, 826 A.2d 582, we held that the superior court may not conduct a de novo review in zoning appeals. See also Lake Sunapee Protective Assoc. v. N.H. Wetlands Bd., 133 N.H. 98, 106-07, 574 A.2d 1368 (1990) (purpose of RSA 677:10 is not to afford a trial de novo, but to assist the court in evaluating the action of the board). We did not depart from the plain language of RSA 677:6 or hold that the superior court is prohibited from determining, by the balance of probabilities, on the evidence before it, whether the ZBA's decision is unreasonable. To the contrary, in both cases, we recited the familiar standard of review, indicating that the superior court should engage in precisely that inquiry. Chester Rod & Gun Club, 152 N.H. at 580, 883 A.2d 1034; Lone Pine, 149 N.H. at 670, 826 A.2d 582.
Thus, based upon our review of the statutory scheme and our case law, we find no basis upon which to conclude that the superior court is without authority to remand a matter for clarification. It is not surprising that there is no such limitation on the superior court's authority because once a ZBA's decision is clear to the court, the court is in a much better position to evaluate, by a balance of the probabilities, whether the decision is unreasonable. See RSA 677:6; cf. Alcorn v. Rochester Zoning Bd. of Adjustment, 114 N.H. 491, 495, *677 322 A.2d 608 (1974). Accordingly, discerning no error, we uphold the superior court's decision to remand the matter to the ZBA.
However, our inquiry does not end here. The scope of the remand is in dispute. The plaintiffs contend that the statutory scheme does not create "a system that merely remands the matter to the ZBA as many times as necessary in order to allow the ZBA to elicit testimony or modify its record in order to sustain a denial of a variance." We agree.
The scope of the remand is limited by the nature of the error or issue identified. For example, where the superior court determined that a local zoning board applied an incorrect legal standard, we held that the court "was obliged to remand to the ZBA to reconsider the evidence against the correct legal standard," unless it "could find, as a matter of law, that the correct legal standard was met." Chester Rod & Gun Club, 152 N.H. at 583, 883 A.2d 1034. Here, however, the superior court ruled that the decision was unclear. The scope of a remand for that issue is for the ZBA to be given an opportunity to clarify its decision based upon the pre-existing record. The remand is not an opportunity for the Town, the abutters or any other party to enlarge the record or to introduce new evidence or testimony. 3 Zeigler, Rathkopf's The Law of Zoning and Planning § 62:48, at 62-134 to 62-135 (2006) (the court may authorize the ZBA "to merely come forward with a statement of its findings and its conclusions"); RSA 677:10 (authorizing the court to take new evidence).
III. Building Permits
The plaintiffs argue that even if it was proper for the superior court to have remanded the matter to the ZBA on issues pertaining to the variance application, it was error for the court not to have ruled upon the portion of the appeal relating to the building permits. The plaintiffs frame their argument in the following terms:
The Court should have addressed whether the applicant's proposed uses of the property, to include a farmhouse, barn and bird barn with flying pen, were permitted uses within the Conservation Zone and Conservation Overlay Zone. This question was a strictly legal question and did not turn on the sufficiency of the evidence within the record. If the court found that the proposed uses were permitted uses under the Ordinance, [the building permits would have been granted and] the Applicant's need for a variance would have been rendered moot.
We agree with the plaintiffs. If both the selectmen and the ZBA incorrectly interpreted the Town's ordinance, and if a proper interpretation of the ordinance would mean that the plaintiffs' proposed uses are permitted within the two conservation zones, then there would be no need for the plaintiffs to seek a use variance. Thus, the interpretation of the Town's ordinance presents a significant  and perhaps even threshold  legal issue, which the superior court did not address.
Since we would review any ruling on the interpretation of the ordinance de novo, Duffy v. City of Dover, 149 N.H. 178, 181, 818 A.2d 1251 (2003), we could simply interpret the ordinance here. We decline to do so, however, because: (1) the plaintiffs did not raise as an issue on appeal how (as opposed to just whether) the superior court should have interpreted the ordinance; and (2) the parties' briefs do not contain sufficient substantive discussion of this issue. See Appeal of AlphaDirections, 152 N.H. 477, 483-84, 880 A.2d 380 (2005).
*678 Accordingly, we remand this matter to the superior court. On remand, the superior court should either address the merits of the issues surrounding the building permits or explain why it is reserving decision upon those issues. Once a ruling or explanation upon issues relating to the building permits is made, the superior court may, consistent with this opinion, remand this matter to the ZBA.
Affirmed in part and remanded.
BRODERICK, C.J., and DALIANIS, GALWAY and HICKS, JJ., concurred.