# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0576, <u>Jeremiah J. O'Sullivan & a. v. Town of North Hampton</u>, the court on May 3, 2019, issued the following order:**

Having considered the opening and reply briefs submitted by the plaintiffs, Jeremiah J. and Laurie E. O'Sullivan, the brief submitted by the defendant, the Town of North Hampton (Town), the brief submitted by the intervenor, Aquarion Water Company (Aquarion), and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiffs appeal a decision of the Superior Court (<u>Wageling</u>, J.), which, following a hearing and a view, upheld a December 2017 decision of the Town's zoning board of adjustment (ZBA) to grant a special exception to Aquarion. We affirm.

The trial court's review of the ZBA's decision is limited. <u>See</u> <u>Kalil v. Town of Dummer Zoning Bd. of Adjustment</u>, 155 N.H. 307, 309 (2007). The trial court will not set aside the ZBA's decision, absent errors of law, unless the court is persuaded by a balance of probabilities that the ZBA's decision was unlawful or unreasonable. <u>See</u> RSA 677:6 (2016). The trial court must deem the ZBA's factual findings <u>prima</u> <u>facie</u> lawful and reasonable. <u>Id</u>. The review by the trial court is not to determine whether it agrees with the zoning board of adjustment's findings, but to determine whether there is evidence upon which they could have been reasonably based. <u>Rochester City Council v. Rochester Zoning Bd. of Adjustment</u>, 171 N.H. 271, 275 (2018). "The trial court does not sit as a 'super zoning board.'" <u>Id</u>. (quotation omitted).

Our review of the trial court's decision is similarly deferential. We will uphold its decision on appeal unless it is unsupported by the evidence or legally erroneous. <u>Id</u>. "Our inquiry is not whether we would find as the trial court found, but rather whether the evidence before the court reasonably supports its findings." <u>Vigeant v. Town of Hudson</u>, 151 N.H. 747, 750 (2005). The trial court's findings are within its sound discretion, particularly when, as in this case, a view has been taken. <u>See</u> <u>id</u>. As the appealing parties, the plaintiffs have the burden of demonstrating that the trial court committed reversible error. <u>See</u> <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).

The plaintiffs, who participated in the ZBA proceedings from the outset, first argue that the trial court erred when it determined that they failed to seek recusal of the ZBA chair at the earliest possible opportunity. The plaintiffs allege that the ZBA chair was biased against them because he has worked as a "licensed general appraiser, consultant and expert for many electric public

utility companies in tax abatement matters throughout New Hampshire and New England," and because he previously worked on tax abatement matters for Public Service Company of New Hampshire (PSNH), the predecessor of the company that now owns Aquarion. The Town counters that the chair's "business of providing appraisals of hydroelectric utility facilities to electric utility companies," in addition to providing appraisals to "a number of municipalities, corporations and banks," does not create "a conflict of interest in a land use application to consolidate water treatment operations under one roof."

We require disqualification issues to be raised at the earliest possible time because "trial forums should have a full opportunity to come to sound conclusions and to correct errors in the first instance." Fox v. Greenland, 151 N.H. 600, 604 (2004) (quotation omitted). Here, the plaintiffs did not raise the issue of the ZBA chair's alleged bias until they filed their request for a rehearing. We agree with the trial court that by so doing, the plaintiffs failed to raise the bias issue at the earliest possible time.

The information upon which the plaintiffs relied to argue that the ZBA chair was biased was all publicly available, and could have been discovered by the plaintiffs (or by the attorneys who represented them in the ZBA proceedings) before the ZBA heard Aquarion's application for a special exception. While the plaintiffs contend that they did not discover this information until after the ZBA granted the special exception, there is no evidence that they or their attorneys could not have discovered it before then. "Interested parties," such as the plaintiffs, "are entitled to object to any error they perceive in governmental proceedings, but they are not entitled to take later advantage of error they could have discovered or chose to ignore at the very moment when it could have been corrected." Id. (quotation omitted). Because we uphold the trial court's determination that the plaintiffs failed to seek recusal of the ZBA chair at the earliest possible opportunity, we need not address the parties' arguments as to the trial court's alternative conclusion that the ZBA chair was not, in fact, biased.

To the extent that the plaintiffs argue that the ZBA chair had a duty to disclose publicly his "35 year professional history in the public utility industry," we disagree. The municipal code of ethics upon which the plaintiffs rely for this assertion requires a municipal board member to "publicly disclose . . . any and all conflicts of interest." We are not persuaded that the ZBA chair had a conflict of interest in this matter that he was required to disclose. As the trial court found, and as the record supports, there is no evidence that the ZBA chair had any direct involvement in this particular project or that granting Aquarion a special exception would impact his future business dealings, if any, with Aquarion's parent company.

The plaintiffs next assert that the trial court erred by upholding the ZBA's reliance upon the opinion of Aquarion's expert that the value of surrounding property would not be diminished by the construction of the water treatment plant. According to the plaintiffs, the expert's report does not constitute competent evidence and, therefore, the ZBA erred by relying upon it. However, it was the responsibility of the ZBA, not the trial court, to resolve any conflicts in evidence, including conflicting expert opinions. See Harborside Assocs. v. Parade Residence Hotel, 162 N.H. 508, 519-20 (2011). "[T]he ZBA was also entitled to rely upon its own knowledge, experience and observations." Id. at 520.

Here, Aquarion's expert opined that the surrounding properties would not suffer a diminution in value, in part, because the proposed water treatment facility "is not inconsistent with [the property's] long-time use." That opinion was shared by members of the ZBA, based upon their own knowledge, experience, and observations. For instance, one member stated that he was not persuaded by the argument that there would be a diminution of surrounding property values because "water treatment operations have existed on the property for a long period of time," and the "public is currently aware of the activities occurring on the site." Another opined that "property values for the abutting property . . . will be at a greater risk to decrease if a modern, reliable system to provide safe drinking water is not established." In short, we find no error in the trial court's determination that the ZBA could properly rely upon the opinion of Aquarion's expert that the property values of surrounding properties would not be diminished because of the proposed water treatment plant.

The plaintiffs next contend that the trial court erred by upholding the ZBA's determination that the water treatment plant would not unreasonably adversely affect the public interest, safety, health, or welfare. We conclude that the trial court did not err in this respect.

The plaintiffs acknowledge that the ZBA's determination is supported by statements made by Aquarion's engineer at the ZBA hearing. They argue that his statements provide insufficient support because he failed "to present evidence" to support his statements.

At the hearing, the engineer stated that the proposed water treatment plant would "improve the safety and reliability of the water supply" for Aquarion's 9,100 customers by consolidating water treatment and chemical storage "in one secure facility . . . that meets or exceeds all regulatory and industry standards." He also stated that, because with the water treatment plant, water treatment chemicals will be introduced into the water with hoses, rather than by humans "physically dumping" them, there would be less of a chance for a chemical spill. The engineer also stated that there would be "no

3

odors or fumes created by the proposed plant operations" and that the public would not have "direct contact with the chemicals."

The plaintiffs argue, in effect, that the ZBA erred by finding the engineer to be credible. However, it was for the ZBA to assess the credibility of the parties' offers of proof. See id. at 519.

Finally, the plaintiffs argue that the trial court erred by not considering information they submitted, for the first time, with their motion for reconsideration. The plaintiffs appended to their motion records from the New Hampshire Department of Environmental Services (DES) concerning the water treatment chemicals that Aquarion uses. The trial court declined to consider that evidence because the plaintiffs could have submitted it to the ZBA at the hearing on the special exception, but chose not to do so.

"Whether to receive further evidence on a motion for reconsideration rests in the sound discretion of the trial court." Lillie-Putz Trust v. DownEast Energy Corp., 160 N.H. 716, 726 (2010). We review the trial court's ruling for an unsustainable exercise of discretion and will not overturn it unless the plaintiffs can show that it was clearly untenable or unreasonable to the prejudice of their case. See id. Moreover, in the context of an appeal of a ZBA decision, "[i]t is the trial court's prerogative to determine whether admission of further evidence would advance justice or judicial economy. The trial court is in the best position to determine the sufficiency of the record before it." Robinson v. Town of Hudson, 149 N.H. 255, 258 (2003) (quotation omitted).

Here, we cannot conclude that the trial court unsustainably exercised its discretion by declining to consider the DES information the plaintiffs submitted for the first time with their motion for reconsideration. The trial court was well within its discretion not to consider information that could have been, but was not, presented to the ZBA. As the trial court observed: "The ZBA weighed the evidence and assessed the credibility of offers of proof based upon the information that it had at the time, and the process of appellate review is not designed to afford the losing side an opportunity to undermine those credibility determinations in this manner, particularly where such evidence is submitted, for the first time, in . . . a motion for reconsideration." We have reviewed the plaintiffs' remaining arguments and conclude that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Lynn, C.J., and Hicks, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

4