# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0344, <u>Mark Brighton & a. v. City of Portsmouth</u>, the court on March 9, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Plaintiffs Carolyn Bray and Patience Horton appeal an order of the Superior Court (<u>Schulman</u>, J.) in favor of the defendant, the City of Portsmouth, and the intervenors, the Portsmouth Housing Authority and PHA Housing Development, Ltd. (collectively the defendants), dismissing their appeal from a decision by the City of Portsmouth Planning Board (board). They contend that the trial court erred by holding that: (1) they failed to challenge the eligibility of two members of the board at the earliest possible time; (2) allowing two <u>ex</u> <u>officio</u> board members who did not reside in the city to vote was a harmless error; (3) the non-resident board members' participation in the board's decision did not render all subsequent board votes on the defendants' plan invalid and voidable; (4) <u>ex</u> <u>officio</u> board members were not required to be residents of the city; and (5) the non-resident members' participation on the board could not be challenged because they were "<u>de</u> <u>facto</u>" board members, in unobstructed possession of their seats on the board and discharged those duties in full view of the public, <u>see</u> <u>State v. Doyle</u>, 156 N.H. 306, 310 (2007).

Our review of a trial court's decision in an appeal of a municipal planning board's decision is deferential; we will uphold the trial court's decision on appeal unless it is unsupported by the evidence or legally erroneous. <u>Rochester City Council v. Rochester Zoning Bd. of Adjustment</u>, 171 N.H. 271, 275 (2018); <u>see</u> <u>Bayson Properties, Inc. v. City of Lebanon</u>, 150 N.H. 167, 170 (2003) (stating same standard of review applies to trial court orders concerning decisions by planning boards and zoning boards of appeal). We do not inquire whether we would find as the trial court found, but rather whether the evidence before the court reasonably supports its findings. <u>Vigeant v. Town of Hudson</u>, 151 N.H. 747, 750 (2005). As the appealing parties, the plaintiffs have the burden of demonstrating that the trial court committed reversible error. <u>See</u> <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).

Under the particular facts of this case, we assume, without deciding, that the trial court erred in finding that the plaintiffs failed to raise the non-residency

of two board members at the earliest possible time.  However, we conclude that, even if the non-resident members were ineligible to be ex officio board members, see RSA 672:5 (2016); RSA 673:1, I (2016), their votes were harmless.  They voted on only the board's acceptance of the plan and granting of a conditional use permit reducing the number of parking spaces required; they did not vote on the plan's final approval.  Furthermore, the plaintiffs acknowledged to the trial court that, if the two non-resident members' votes were stricken, a majority of the board still voted in favor of accepting the plan and granting the conditional use permit.  The non-resident members' votes were harmless because a sufficient number of the remaining board members voted in favor.

The plaintiffs rely upon Winslow v. Holderness Planning Board, 125 N.H. 262 (1984), to argue that the non-residents' participation "was sufficient to invalidate the [board's] decision because it was impossible to estimate the influence one member might have on his associates."  Id. at 268.  However, in Winslow, the board member was disqualified due to bias.  Id. at 267.

In the case at hand, the plaintiffs do not appeal the trial court's finding that the non-resident members were not biased.  See Webster v. Town of Candia, 146 N.H. 430, 441-42 (2001) (stating that it is the plaintiff's burden to rebut presumption that planning board members are unbiased).  Nor do the plaintiffs contend that the disputed board members' non-resident status somehow affected other board members.  Thus, the "State constitutional mandate for judicial impartiality," Winslow, 125 N.H. at 268, in the board's quasi-judicial action was not implicated by the non-resident members' participation.

In light of this conclusion, we need not address the plaintiffs' other arguments.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2