# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0032, <u>Exeter Area Conservancy v. Town of Exeter</u>, the court on October 26, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Exeter Area Conservancy, appeals an order of the Superior Court (<u>St. Hilaire</u>, J.) upholding a decision of the planning board for the Town of Exeter to conditionally approve an application for an open space development subdivision. On appeal, the plaintiff challenges the trial court's determination that the board's granting of five separate waiver requests from provisions of the town's site plan review and subdivision regulations, <u>see</u> RSA 674:44, III(e) (2016), was based upon the requirements for granting the waivers under the applicable regulations.

RSA 674:44, III(e) requires "[t]he basis for any waiver granted by the planning board [to] be recorded in the minutes of the board." This provision does not require specific findings of fact; rather, it is satisfied so long as the underlying rationale for the board's decision to grant a waiver is adequately reflected in the board's minutes. <u>Prop. Portfolio Group v. Town of Derry</u>, 163 N.H. 754, 758-59 (2012). The trial court's review of a planning board decision is limited. <u>Trustees of Dartmouth Coll. v. Town of Hanover</u>, 171 N.H. 497, 504 (2019). The trial court must treat the board's findings of fact as <u>prima</u> <u>facie</u> lawful and reasonable, and may not disturb the board's decision absent unreasonableness or identified error of law. <u>Id</u>.; <u>see</u> RSA 677:15, V (2016). The trial court's task is not to determine whether it agrees with the board's findings, but whether there is evidence upon which the board's findings could reasonably have been based. <u>Trustees of Dartmouth Coll.</u>, 171 N.H. at 504. It is the appealing party's burden to demonstrate that, by the balance of probabilities, the board's decision was unreasonable. <u>Id</u>.

Our review of the trial court's order is likewise limited. <u>Id</u>. We will reverse the trial court only if its decision is unsupported by the evidence or legally erroneous. <u>Id</u>. We review the trial court's order to determine whether a

reasonable person could have reached the same decision as the trial court based upon the same evidence that was before it.  Id.

The record in this case reflects that the board conditionally approved the open space development subdivision application following a two-year review process that entailed numerous meetings and generated a lengthy certified record.  The trial court initially remanded the matter to the board to clarify the basis for each of the five waivers at issue because the record was not clear as to whether the board had based its decisions to grant the waivers upon the applicable criteria for the waivers under the relevant site plan review and subdivision regulations.  See Kalil v. Town of Dummer Zoning Bd. Of Adjustment, 155 N.H. 307, 312 (2007).

On remand, the town's planner prepared draft rationales for granting each of the waivers at issue, as well as motions to adopt each of the rationales.  At a public hearing, the planner submitted the rationales and motions to the board for its consideration, noting that they were "only drafts," that the ultimate decisions were for the board to make, and that the board was free to utilize the draft rationales and motions as it deemed appropriate.  A board member then read each of the rationales and motions into the record, stating at the outset that he would "open it [after reading each rationale] to see if the Board wants to discuss it and if nobody does, [he would] just keep going." After reading into the record each rationale, the board voted to "accept the [applicable] rationale . . . as discussed and read into the record."  The trial court upheld the board's decisions to grant the waivers as clarified.

On appeal, the plaintiff does not challenge the merits of any of the rationales adopted by the board.  Rather, the plaintiff argues that the trial court acted unreasonably by upholding the board's decisions to grant the waivers because the record does not reflect that, beyond the "as discussed" statement in each motion, the board had ever, in fact, "discussed" the rationales for granting the waivers, and because the rationales did not include specific citations to the "voluminous record to suggest that the Board had considered the . . . criteria" for granting the waivers under the relevant regulations.  According to the plaintiff, the evidence in the record suggests that the decisions to grant the waivers were in fact "based on something other than" the relevant criteria for granting the waivers.  The plaintiff contends that the rationales, "with no citations to the record and adopted without a word of discussion, should not have meant anything to the Trial Court."

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's order, the plaintiff's challenges to it, the relevant law,

2

and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**