Public Employee Labor Relations Board
No. 00-458

APPEAL OF CITY OF LACONIA

(New Hampshire Public Employee Labor Relations Board)

Argued: January 15, 2002
Opinion Issued: March 12, 2002

*Devine, Millimet & Branch, P.A.*, of Manchester (*Mark T. Broth* and *William R. Bagley Jr.* on the brief, and *Mr. Broth* orally), for the petitioner.

*Cook & Molan, P.A.*, of Concord (*John S. Krupski* on the brief and orally), for the respondent.

DALIANIS, J. The petitioner, City of Laconia (city), appeals a decision of the New Hampshire Public Employee Labor Relations Board (PELRB) denying its petition to modify the fire department's collective bargaining unit to exclude lieutenants and captains. *See* RSA 541:6 (1997). We affirm in part, vacate in part and remand.

The relevant facts follow. Since 1956, the city has recognized the respondent, Local 1153 of the International Association of Firefighters, AFL-CIO-CLC (the union), as the exclusive representative of employees within a bargaining unit that has included lieutenants, captains and firefighters. In 1976, following enactment of RSA chapter 273-A, the PELRB certified the union as the exclusive representative for this bargaining unit.

In 2000, the city, for the first time, petitioned the PELRB to modify the bargaining unit to exclude lieutenants and captains, arguing: (1) that they were supervisory employees exercising a significant amount of discretion and, thus, under RSA 273-A:8, II (1999), could not belong to the same unit as firefighters; and, alternatively, (2) that circumstances had changed since the initial certification. *See* N.H. ADMIN. RULES, Pub 302.05(a).

The PELRB dismissed the petition, focusing upon whether the duties of the lieutenants and captains had changed materially since the bargaining unit was originally certified. The only change the PELRB found was that the lieutenants and captains were now required to evaluate firefighters in writing, rather than orally. This, the PELRB ruled, was not a "meaningful" change requiring modification of the bargaining unit. *See id.* The PELRB did not address substantively whether the bargaining unit, as constituted, violated RSA 273-A:8, II.

On appeal, the city must show that the PELRB's decision was contrary to law or, by a clear preponderance of the evidence, unjust or unreasonable. *See* RSA 541:13 (1997). The PELRB's findings on questions of fact are deemed *prima facie* lawful and reasonable. *See id.*

The city first argues that the PELRB's decision is unjust and unreasonable because it permits lieutenants, captains and firefighters to belong to the same bargaining unit in violation of RSA 273-A:8, II. RSA 273-A:8, II provides that "[p]ersons exercising supervisory authority involving the significant exercise of discretion may not belong to the same bargaining unit as the employees they supervise." The city asserts that lieutenants and captains are supervisors within the meaning of RSA 273-A:8, II because they prepare performance evaluations, initiate disciplinary action, and oversee daily operations. *See Appeal of University System of N.H.*, 131 N.H. 368, 376 (1988). The union counters that the city is barred by the doctrine of laches from challenging the composition of the bargaining unit.

█ Although the parties raised these arguments before the PELRB, the PELRB did not address them, and, thus, did not provide us with sufficient rulings upon which to base our review. *See* RSA 273-A:6, IX (1999); *Appeal of Timberlane Reg. School Bd.*, 142 N.H. 830, 836 (1998). We, therefore, decline to address these arguments in the first instance. We remand this case for a determination as to: (1) whether lieutenants and captains are supervisors within the meaning of RSA 273-A:8, II; (2) if the lieutenants and captains are supervisors, whether it is permissible to include them in the same bargaining unit as firefighters; and (3) whether the city is barred

from challenging the composition of the bargaining unit because of laches or any other reason, *see* Laws 1975, 490:3; *State Employees Ass'n v. N.H. Pub. Employee Labor Relations Bd.*, 116 N.H. 653 (1976).

Alternatively, the city argues that the PELRB erroneously found that preparing written, as opposed to oral, evaluations was not a material "change in circumstances" warranting modification of the bargaining unit. We disagree. The PELRB's finding was neither contrary to law nor clearly against the weight of the evidence. *See* RSA 541:13. As the PELRB noted, witnesses for both sides testified that both lieutenants and captains had evaluated firefighters orally since the bargaining unit was originally certified in 1976. The record supports the PELRB's conclusion that the written evaluations have little or no more effect than the oral evaluations. That the evaluations must now be written does not materially change the responsibility.

In light of our ruling, we need not address the city's remaining arguments.

*Affirmed in part; vacated in part; and remanded.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.