Hillsborough-southern judicial district
No. 2001-671

MICHELLE J. ROBINSON

v.

TOWN OF HUDSON

Argued: November 14, 2002
Opinion Issued: March 14, 2003

*Denis O. Robinson,* of Bedford, by brief and orally, for the petitioner.

*Bossie, Kelly, Hodes, Buckley & Wilson, P.A.,* of Manchester (*David E. LeFevre* on the brief and orally), for the respondent.

BROCK, C.J. The petitioner, Michelle J. Robinson, appeals the decision of the Superior Court (*Hampsey,* J.) dismissing her appeal of the Town of Hudson Zoning Board of Adjustment's (ZBA) denial of her request for a variance from the 150-foot frontage requirement applicable to her property. We reverse and remand.

The petitioner's property is located on Mark Street in Hudson, and it is part of a six-lot subdivision that was approved by the town in 1970. The subdivision plan provided that Mark Street would be extended from its existing cul-de-sac via the Mark Street Extension to Wason Road. The Mark Street Extension was roughed out and graded but never paved. As a result, only two of the six lots have road frontage. The petitioner's lot has approximately fifty feet of frontage on Wason Road.

In July 2000, the petitioner submitted a request for zoning determinations to the building inspector for the town. The petitioner was told that a variance was necessary because the lot lacked the required 150 feet of road frontage. The following month, the petitioner submitted an application for a variance from the frontage requirement. After a public hearing, the ZBA denied the application. The petitioner's motion for a rehearing was denied. The petitioner appealed to the superior court. After an evidentiary hearing, the superior court dismissed the appeal on the grounds that the petitioner "failed to challenge the ZBA's decision on all five conditions in her application for rehearing . . . ." This appeal followed.

On appeal, the petitioner argues, among other things, that the trial court erred by: (1) finding that the ZBA had determined that the petitioner failed to meet all five conditions necessary for the granting of a variance; (2) ruling that the petitioner must raise all five conditions in order to preserve her right of appeal; and (3) excluding the testimony of the respondent, Town of Hudson's, engineer. The petitioner further argues that the application of the town's 150-foot frontage requirement to her land amounts to an unconstitutional taking.

In order to address the issues the petitioner has raised on appeal, we must first decide whether the trial court properly dismissed the appeal. *See Hussey v. Town of Barrington*, 135 N.H. 227, 230 (1992).

> When the trial judge is sitting as the trier of fact, he or she appropriately may make findings of fact . . . and may use such facts to determine whether the [petitioner] has established the case by a preponderance of the evidence. On appeal, we will not overrule these findings of fact, unless they are clearly erroneous, nor will we reverse the dismissal based thereon unless it is inconsistent with the findings or otherwise contrary to law.

*Id.* at 230-31 (quotations and brackets omitted).

■ Initially, the petitioner argues that it was error for the trial court to find she had "failed to persuade a majority of the ZBA that she had satisfied any of the five conditions for granting a variance." We agree. In order to obtain a variance, a petitioner bears the burden of showing that:

"(1) the variance will not be contrary to the public interest; (2) special conditions exist such that literal enforcement of the ordinance results in unnecessary hardship; (3) the variance is consistent with the spirit of the ordinance; and (4) substantial justice is done." *Simplex Technologies v. Town of Newington*, 145 N.H. 727, 729 (2001); *see also* RSA 674:33, I(b) (1996); *Husnander v. Town of Barnstead*, 139 N.H. 476, 478 (1995). "In addition, the board may not grant a variance if it diminishes the value of surrounding properties." *Simplex*, 145 N.H. at 729-30.

In this case, the ZBA specifically found that the petitioner failed to meet two of the five conditions for a variance. In its notice of disapproval, the ZBA stated that the petitioner's "intended use did not satisfy the statutory requirements for an Area Variance." (Emphasis omitted.) It went on to explain its disapproval by expressing doubt that it would "be of *benefit to the public interest* to satisfy this one lot when there were other lots that were going to be impacted more by allowing the placement of a house that would cut off access to the others, contending that *substantial justice* would not be done by blocking off the access . . . ." (Emphasis added.) The respondent argues that this language combined with worksheets filled out by members of the ZBA and minutes from the ZBA meeting make it clear that the ZBA found that the petitioner failed to meet any of the five conditions for granting a variance. We disagree.

 Assuming without deciding that the worksheets were properly before the court, the evidence presented is insufficient to demonstrate that the ZBA concluded that the petitioner did not meet any of the variance conditions. The worksheet of one member is missing from the record and the remaining worksheets contain votes that are neither unanimous nor clear. The worksheets and minutes are inconclusive as to the findings of the ZBA. As such, the record does not support the trial court's finding that the petitioner failed to meet any of the five conditions for granting a variance.

The petitioner next argues that the trial court erred when it dismissed her case on the ground that she had failed to preserve her right of appeal by failing to raise all five conditions for a variance in her motion to reconsider filed with the ZBA. We agree.

RSA 677:3 (1996) provides, in pertinent part:

> A motion for rehearing . . . shall set forth fully every ground upon which it is claimed that the decision or order complained of is unlawful or unreasonable. No appeal from any order or decision of the zoning board of adjustment . . . shall be taken unless the appellant shall have made application for rehearing as provided in RSA 677:2; and, when such application shall have been made,

no ground not set forth in the application shall be urged, relied on, or given any consideration by a court unless the court for good cause shown shall allow the appellant to specify additional grounds.

■The superior court interpreted RSA 677:3 as requiring a petitioner to raise all five conditions for a variance in an application for rehearing in order to preserve the right of appeal to the superior court. The ZBA, however, denied the petitioner's variance application because it concluded that the petitioner failed to demonstrate that she met two of the five conditions for a variance. We do not read "shall set forth fully every ground upon which it is claimed that the decision or order complained of is unlawful or unreasonable" to place the burden on a petitioner to raise in a motion to reconsider conditions that were not specifically denied by the ZBA.

In this case, the petitioner, in her motion to reconsider, addressed the two conditions upon which the ZBA specifically denied her variance in its notice of disapproval. Therefore, the trial court erred in dismissing her appeal and refusing to address the merits of the issues she raised in her appeal.

The petitioner further argues that it was error for the superior court to exclude testimony from the respondent's engineer. Since this issue is likely to arise on remand, we address it here. See *Milette v. N.H. Retirement System*, 141 N.H. 342, 347 (1996).

RSA 677:10 (1996) enables the superior court to receive and consider additional evidence not previously before the ZBA. This provision is an effort "to assist the court in evaluating the action of the board." *Lake Sunapee Protective Assoc. v. N.H. Wetlands Bd.*, 133 N.H. 98, 106-07 (1990) (quotation and bracket omitted).

"It is the trial court's prerogative to determine whether admission of further evidence would advance justice or judicial economy. The trial court is in the best position to determine the sufficiency of the record before it." *Webster v. Town of Candia*, 146 N.H. 430, 443 (2001) (citation and quotations omitted). We uphold the trial court's decision unless it is not supported by the evidence or is legally erroneous. *Peabody v. Town of Windham*, 142 N.H. 488, 492 (1997).

■The superior court found that the testimony of the town engineer was irrelevant to the issue on appeal — whether or not the ZBA's "denial of the variance [could] be upheld or [had to be] sent back because [the court] conclude[d] that it was unlawful or unreasonable," and ruled that the testimony would not be "received to supplement the record or for any other purpose." On the record before it, we conclude that the trial court's

decision to exclude the town engineer's testimony was a sound exercise of discretion.

The petitioner finally argues that the application of the town's 150-foot frontage requirement to her land constituted an unconstitutional taking. In its decree, the superior court found that "by failing to raise [all the conditions for a variance] in her application for rehearing, the plaintiff effectively concedes that the denial of her variance application was proper. Having done so, it is disingenuous to argue this denial deprives her of any economic use of the lot thereby resulting in a[n] unconstitutional taking without just compensation."

Because we have reversed the premise upon which this ruling rests, we reverse the dismissal of the petitioner's takings claim as well.

In light of our holding, we decline to reach the petitioner's other arguments. *Appeal of City of Laconia*, 147 N.H. 495, 497 (2002). We remand for proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.