Hillsborough-southern judicial district
No. 2005-687

### MICHELLE J. ROBINSON

v.

### TOWN OF HUDSON

Argued: September 13, 2006
Opinion Issued: December 20, 2006

*Denis O. Robinson,* of Bedford, on the brief and orally, for the petitioner.

*Hodes, Buckley, McGrath & LeFevre, P.A.,* of Manchester (*David E. LeFevre* on the brief and orally), for the respondent.

DUGGAN, J. The petitioner, Michelle J. Robinson, appeals the order of the Superior Court (*Hampsey,* J.) affirming the decision of the Town of Hudson Zoning Board of Adjustment (ZBA) granting with conditions her request for a variance from the 150-foot frontage requirement applicable to her property. We affirm.

This is the second time this case has reached us on appeal, *see Robinson v. Town of Hudson,* 149 N.H. 255 (2003), and we summarize the facts detailed in our previous opinion. The petitioner and her brother are owners of an undeveloped lot (the property) located on Mark Street in Hudson. *Id.* at 256. The property is part of a six-lot subdivision that was approved by the respondent, the Town of Hudson (Town), in 1970. *Id.* at 256. The subdivision plan provided that Mark Street would be extended from its existing cul-de-sac via the Mark Street Extension to Wason Road. *Id.* The Mark Street Extension was roughed out and graded but never paved. *Id.* Consequently, the parties often refer to Mark Street Extension as a "paper street." Only two of the six lots have frontage on actual, paved

streets. *Id.* The petitioner's lot has approximately fifty feet of frontage on Wason Road. *Id.*

In July 2000, the petitioner submitted a request for "zoning determinations" to the Town's building inspector. *Id.* Her plan was to construct a single-family residence on the property, with a driveway that would partially utilize the Mark Street Extension to gain access to Wason Road. She was told that a variance would be necessary because the lot lacked the required 150 feet of frontage on Wason Road, the only existing road abutting the property. *Id.* The petitioner thereafter submitted an application for a variance from the frontage requirement. *Id.* The ZBA denied the application. *Id.* The petitioner appealed to the superior court, which dismissed the appeal. *Id.* We reversed the superior court's dismissal and remanded for further proceedings. *Id.* at 259. On remand, the superior court vacated the ZBA's decision and remanded the case to the ZBA for a *de novo* hearing.

The ZBA held a public hearing on December 9, 2004, to consider the petitioner's variance application. After much discussion, the ZBA voted to grant the petitioner's variance with the following conditions:

1. If and when Mark Street [Extension] is built, the property owner of record shall pay a pro rata share of the cost of constructing Mark Street [Extension].
2. Prior to the issuance of a building permit, the property owner of record shall furnish a septic approval permit or similar permit or approval from [the New Hampshire Department of Environmental Services].
3. The house shall be set back 30 feet from Mark Street, as shown on the plan of land . . . .
4. The Town of Hudson neither assumes responsibility for maintenance of Mark Street, nor liability for any damages resulting from the use of Mark Street. Prior to the issuance of a building permit, the property owner of record shall produce evidence that notice of the limits of municipal responsibility and liability has been recorded in the Hillsborough County Registry of Deeds.

The petitioner filed a motion for rehearing in which she challenged the lawfulness of the first and the fourth conditions. The ZBA denied the motion for rehearing.

The petitioner appealed to the superior court, arguing that: (1) the first condition, referred to as the "cost condition," is arbitrary and unreasonable because the terms "pro rata share," "cost" and "built" are all undefined terms that make it impossible to ascertain the future liability of

the owner of the property; (2) the cost condition is unreasonable because the petitioner is the only lot owner required to contribute to the cost of developing Mark Street Extension; (3) the ZBA exceeded its authority in imposing the cost condition because it applies to the owner of the land and does not relate to the use of the land; and (4) the fourth condition, referred to as the "liability condition," is unreasonable.

The superior court affirmed the ZBA's decision. The court found that the petitioner's first argument was not preserved for appeal because she did not address it in her motion for rehearing before the ZBA. With respect to the petitioner's other arguments pertaining to the cost condition, the court concluded that the condition was "neither unreasonable nor arbitrary." The court stated:

> A review of the ZBA minutes makes it clear that the ZBA was concerned about potential safety issues should Mark Street Extension never be constructed. Instead of accessing their lots by way of a completed Mark Street Extension, the other lot owners would be able to use the petitioner's driveway to access the unfinished "paper street" that leads to their lots. The ZBA had safety concerns about the use of the driveway and the "paper street" by all of the lot owners. The ZBA resolved the safety issue by requiring the owner of the [s]ubject [p]roperty to pay a pro rata share for construction of the road. The imposition of this condition was intended to encourage the lot owners to build Mark Street Extension.

The court found that "the requirement that the lot owner pay its pro rata share of construction of the road relates to the land and not to the person who receives the variance." Further, the superior court concluded that the liability condition was lawful, and pointed out that the fourth condition is "remarkably similar" to one of the conditions upheld in *Wentworth Hotel, Inc. v. New Castle*, 112 N.H. 21, 28 (1972). The petitioner appealed.

Our review of zoning board decisions is limited. *Harrington v. Town of Warner*, 152 N.H. 74, 77 (2005). We will uphold the trial court's decision unless the evidence does not support it or it is legally erroneous. *Chester Rod & Gun Club v. Town of Chester*, 152 N.H. 577, 580 (2005). For its part, the trial court must treat all factual findings of the ZBA as *prima facie* lawful and reasonable. RSA 677:6 (1996). It may set aside a ZBA decision if it finds by the balance of probabilities, based upon the evidence before it, that the ZBA's decision was unreasonable. *Chester Rod & Gun Club*, 152 N.H. at 580.

## I. Cost Condition

The petitioner's arguments on appeal are virtually identical to the arguments she raised in the superior court. First we address whether the superior court erred by refusing to consider her vagueness argument concerning the cost condition because she did not raise it in her motion for rehearing before the ZBA. In her motion for rehearing, the petitioner alleged the following with respect to the cost condition:

> Condition 1 imposes a substantial but unspecified contingent penalty against the Lot owner, where Mark Street Extension is approximately nine hundred feet long. As such, the Lot will be burdened by this contingent penalty, and no reasonable person would purchase or finance the Lot for residential construction.

The petitioner focuses on the word "unspecified," and argues that although her motion for rehearing does not state each and every way the cost condition is imprecise or lacking in detail, her motion does indicate that the cost condition lacks specificity, and thus is sufficient to preserve the issue for superior court review.

The Town argues that in her motion for rehearing, the petitioner was alleging that the cost condition was a "penalty," and that "no reasonable person would purchase or finance the Lot for residential construction." The Town asserts that the petitioner never claimed in her motion for rehearing that she did not understand the cost condition or that she believed it was vague. The Town contends that since she did not include this argument in her motion for rehearing, it was proper for the superior court to refuse to consider it.

RSA 677:3, I (1996) requires that a motion for rehearing to a zoning board "shall set forth fully every ground upon which it is claimed that the decision or order complained of is unlawful or unreasonable." It further provides that a party may not appeal a zoning board decision:

> unless the appellant shall have made application for rehearing . . . and, when such application shall have been made, no ground not set forth in the application shall be urged, relied on, or given any consideration by a court unless the court for good cause shown shall allow the appellant to specify additional grounds.

*Id.*

"The statutory scheme is based upon the principle that the local board should have the first opportunity to pass upon any alleged errors in its decisions so that the court may have the benefit of the board's judgment in hearing the appeal." *Blagbrough Family Realty Trust v.*

*Town of Wilton*, 153 N.H. 234, 238-39 (2006) (quotation omitted). Thus, a motion for rehearing must put the zoning board on notice of an alleged error in order to satisfy the requirements of RSA 677:3. *See Colla v. Town of Hanover*, 153 N.H. 206, 208-09 (2006). If a timely motion for rehearing fails to set forth all alleged errors with respect to the ZBA's decision on the merits, the party may not raise those grounds in a later appeal unless the court for good cause shown orders otherwise. *Blagbrough*, 153 N.H. at 239.

We conclude that the petitioner's motion for rehearing does not set forth her claim that the terms of the cost condition were vague. Contrary to the petitioner's position, arguing that the condition imposes a "substantial but unspecified contingent penalty against the lot owner" is not the same as arguing that the specific terms used in the condition are vague. The thrust of the petitioner's argument in her motion for rehearing was that because the cost of constructing Mark Street Extension is presently unknown, no reasonable person would purchase or finance the property for residential construction, and thus the condition functions as a penalty against the lot owner. It would have been simple for the petitioner to clearly articulate her position that the specific terms "pro rata," "built" and "cost" are vague and undefined, yet she did not do so. Instead, she impermissibly raised this argument for the first time on appeal to the superior court.

■ This case is distinguishable from *Colla v. Town of Hanover*, where on appeal the plaintiffs submitted to the superior court the identical questions that were raised in their motion for reconsideration of the ZBA's denial of their permit. *See Colla*, 153 N.H. at 207. Here, because the plaintiff did not raise her vagueness argument in her motion for rehearing, the argument was not preserved for appeal. It was proper for the superior court to decline to consider it, and, likewise, we refuse to address it here.

■ We now turn to the petitioner's remaining arguments pertaining to the cost condition. While there is no express statutory provision permitting a zoning board to place conditions on the granting of a variance, we have previously held that a board's extensive powers include the authority to attach reasonable conditions where they are necessary to preserve the spirit of the ordinance. *See Vlahos Realty Co. v. Little Boar's Head District*, 101 N.H. 460, 463 (1958); *Wentworth Hotel, Inc.*, 112 N.H. at 27; *see also* 3 K. YOUNG, ANDERSON'S AMERICAN LAW OF ZONING § 20.63, at 636 (4th ed. 1996) ("Absent some specific provision of the enabling statutes or the ordinance empowering the board of adjustment to impose conditions, such authority may be inferred from more general language."). A condition will not be upheld if it is unreasonable or arbitrary. *Vlahos*, 101

N.H. at 463. Conditions are reasonable when they relate to the use of the land and not to the person by whom such use is to be exercised. *Id.*

The petitioner first argues that the cost condition is arbitrary and unreasonable because she alone is required to pay a pro rata share of the cost of constructing Mark Street Extension, and none of the other owners of lots in the subdivision are required to contribute toward the cost, should either the Town or any of the other lot owners decide to complete it. The Town urges us to reject this argument, explaining that since the petitioner's property is located in a subdivision, she gains the benefit of owning a separate buildable lot, but must share the burden of constructing the road to access the separate buildable lots. The Town argues that the cost condition is fair, because it does not impose a greater or lesser burden upon the property compared with any of the other properties located in the subdivision. Further, the Town asserts that the condition is reasonable because it is aimed at the ultimate completion of Mark Street Extension, which will create frontage for all of the lots in the subdivision and eliminate their nonconformity.

■ It should be emphasized that the petitioner is not obligated to pay for the whole road, just her pro rata share of the costs. Further, it was reasonable for the ZBA to consider the fact that the petitioner's property is part of a six-lot subdivision, and that four of the six lots have no road frontage and are presently unbuildable. Given that the petitioner's lot is part of the subdivision, and that but for the variance the petitioner would not have adequate frontage unless Mark Street Extension were completed, it is reasonable to require the petitioner to pay a pro rata share of the cost of completing Mark Street Extension.

■ Moreover, the petitioner's proposed driveway will, in fact, partially utilize Mark Street Extension in order to provide access to the planned residence. As the superior court found, "Instead of accessing their lots by way of a completed Mark Street Extension, the other lot owners would be able to use the petitioner's driveway to access the unfinished 'paper street' that leads to their lots." Concerned about the potential hazards of the situation, the ZBA's reasonable solution was to require the petitioner—or a future owner of the property—to pay a pro rata share of the cost to complete construction of Mark Street Extension. In light of this concern, we do not find the cost condition to be arbitrary or unreasonable.

The petitioner's second argument is that the cost condition imposes an unknown and undefined financial obligation on the owner of the property. The petitioner contends that the cost of constructing Mark Street Extension is likely to be substantial, and therefore no reasonable person would want to purchase, develop or finance the property. In response, the

Town asserts that the petitioner's argument must fail because there was no evidence submitted to the ZBA that the cost condition rendered the property worthless, nor was there any evidence showing that the cost condition drastically reduced the possible sale price of the property such that it would not be feasible to sell.

■ The record demonstrates that prior to granting the variance, the petitioner's property was not a buildable lot. Presumably after the variance was granted, the property's value increased significantly. Although the property might be worth even more without the cost condition, as the Town correctly points out, there is no evidence suggesting that the cost condition renders the property unsalable. Accordingly, we reject the petitioner's argument and reiterate our conclusion that the cost condition is reasonable.

Finally, the petitioner argues that the cost condition is unlawful and unreasonable because it regulates the owner of the land, not the land or its use. She asserts that the ZBA acted beyond its authority when it imposed the cost condition, "since it is a monetary penalty not aimed at regulating the use of the land but at the owner of the Lot." We disagree.

In *Vlahos*, 101 N.H. at 463, we held that conditions imposed by a zoning board in connection with a variance application must relate to the use of the land and not to the person exercising such use. In that case, the zoning board of adjustment granted a conditional variance to permit an ice cream stand in a residentially zoned district. *Id.* at 462-63. The conditions included "the requirement of an annual permit, which was also revocable and nontransferable because limited to the specific owner or lessee who was operating the premises for that particular year." *Id.* at 463. We concluded that the condition was unreasonable because it was specific to a person and not a condition applicable to the premises. *Id.* at 463-64.

■ Here, the cost condition requires *the property owner of record* to pay a pro rata share of the construction of Mark Street Extension. The condition does not focus on a specific person. Rather, it runs with the land since it applies to the owner of the lot at the time the road is constructed, whether the owner is the petitioner or another individual. Based on the foregoing, we affirm the superior court's conclusion that the cost condition is neither arbitrary nor unreasonable.

## II. Liability Condition

As stated above, the petitioner challenges the liability condition, which releases the Town from liability arising from the maintenance, repair or use of Mark Street Extension. She argues that this condition "has no logical basis for application to a proposed driveway from a public street

that [the Town] maintains." The Town argues that the liability condition is reasonable because it mirrors the requirements of RSA 674:41, I(c) (Supp. 2006), and further, that the condition is nearly identical to the variance condition upheld in *Wentworth Hotel, Inc.*, 112 N.H. at 28, requiring the hotel to assume liability for all policing and maintenance of the buildings and premises, and "save the town harmless" for any expense resulting from its failure to do so.

We find this condition to be reasonable. At the time the ZBA granted the variance, it could have reasonably concluded that, since the other lot owners in the subdivision would be able to use the petitioner's driveway to access the unfinished Mark Street Extension in order to reach their lots, the Town faced potential liability in the event of an accident. As the superior court noted, "The ZBA had safety concerns about the use of the driveway and the 'paper street' by all of the lot owners." The liability condition protects the Town in the face of this possibility.

We recognize that circumstances may change in the event that Mark Street Extension is completed. We express no opinion, however, as to whether the condition would continue to be reasonable under such circumstances.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and GALWAY, JJ., concurred.