**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0016, <u>Daryal Klitz & a. v. Town of Pittsfield</u>, the court on December 9, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioners, Daryal Klitz and Brian Klitz (abutters), appeal an order of the Superior Court (<u>Smukler</u>, J.) affirming a decision of the zoning board of adjustment (ZBA) for the defendant, the Town of Pittsfield (town), granting the intervenor, EBE Leasing, LLC (applicant), variances from side and front setback requirements. <u>See</u> RSA 674:33, I(b) (Supp. 2014). We construe the abutters' brief to argue that the trial court erred by: (1) assuming that the ZBA made implicit findings not articulated in its minutes; (2) not finding that the variance application failed to request a variance from the side setback requirement; and (3) finding that the ZBA's decision approving the front and side setback variances was supported by the evidence.

We first address whether the abutters' arguments regarding the ZBA's implicit findings and the alleged incompleteness of the variance application are preserved for our review. RSA 677:3, I (2008) precludes a court from addressing any ground for appeal not set forth in the motion for rehearing before the ZBA, "unless the court for good cause shown shall allow the appellant to specify additional grounds." RSA 677:3, I; <u>Robinson v. Town of Hudson</u>, 154 N.H. 563, 568 (2006). This statutory scheme is based upon the principle that the ZBA should have the first opportunity to pass upon any alleged errors in its decisions so that the court may have the benefit of its judgment in hearing the appeal. <u>Id</u>. at 567. Furthermore, the appellants, here the abutters, have the burden to provide this court with a record sufficient to demonstrate that the issues on appeal have been raised before the trial court. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 69 (2012).

In this case, the abutters did not argue in their motion for rehearing that the applicant failed to request a variance from the side setback or that the town's zoning ordinance required it to "set forth in the minutes how the application has satisfied each of the requirements for the" variance. Nor does the record reflect that the abutters sought the trial court's permission to specify additional grounds. Accordingly, we decline to review these arguments. <u>Cf</u>. <u>Kalil v. Town of Dummer Zoning Bd. of Adjustment</u>, 155 N.H. 307, 310 (2007) ("Although disclosure of specific findings of fact by a board of adjustment may often facilitate

judicial review, the absence of findings, at least where there is no request therefor, is not in and of itself error.").

We next address whether the trial court's determination that the ZBA's decision that the applicant had met the criteria for the variances was supported by the evidence. Judicial review in zoning cases is limited. Town of Bartlett Bd. of Selectmen v. Town of Bartlett Zoning Bd. of Adjustment, 164 N.H. 757, 760 (2013). Factual findings by the ZBA are deemed prima facie lawful and reasonable, and the superior court will not set aside the ZBA's decision absent errors of law unless it is persuaded by the balance of probabilities, on the evidence before it, that the ZBA decision is unlawful or unreasonable. Id.; RSA 677:6 (2008). The burden is on the party contesting the ZBA's decision. RSA 677:6. We will uphold the superior court's decision unless the evidence does not support it or it is legally erroneous. Town of Bartlett, 164 N.H. at 760.

As the appealing party, the abutters have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the abutters' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the abutters have not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**