**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0323, <u>Joseph Yarborough & a. v. City of Portsmouth</u>, the court on January 25, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The plaintiffs, Joseph Yarborough and Ellen Yarborough, appeal an order of the Superior Court (<u>Schulman</u>, J.) upholding a decision of the zoning board of adjustment (ZBA) for the defendant, the City of Portsmouth, denying them a variance from the frontage requirement to enable them to subdivide their lot. They contend that the frontage requirement does not "reflect" their neighborhood. They further argue that the trial court erred by:  (1) upholding the ZBA's findings that enforcement of the ordinance does not create an unnecessary hardship and that a variance is not consistent with the spirit of the ordinance; and (2) not addressing whether the variance would diminish surrounding property values.

Judicial review in zoning cases is limited.  <u>Town of Bartlett Bd. of Selectmen v. Town of Bartlett Zoning Bd. of Adjustment</u>, 164 N.H. 757, 760 (2013).  Factual findings by the ZBA are deemed <u>prima</u> <u>facie</u> lawful and reasonable, and the superior court will not set aside the ZBA's decision absent errors of law unless it is persuaded by the balance of probabilities, on the evidence before it, that the ZBA decision is unlawful or unreasonable.  <u>Id</u>.; RSA 677:6 (2008).  The burden is on the party contesting the ZBA's decision.  RSA 677:6.  We will uphold the superior court's decision unless the evidence does not support it or it is legally erroneous.  <u>Town of Bartlett</u>, 164 N.H. at 760.

We first address the plaintiffs' arguments that the ordinance was not "drafted taking into consideration the already-built environment," <u>see</u> RSA 674:17, II (2008), and that "it does not 'reflect the current character'" of the neighborhood, <u>see</u> <u>Belanger v. City of Nashua</u>, 121 N.H. 389, 393 (1981) (upholding trial court's finding that ZBA unreasonably denied variance when record was "replete with evidence that the area . . . [had] gone through substantial changes from the time it was originally zoned for single family residential use").  Our review of the record shows that it is doubtful whether these arguments were raised before the ZBA.  <u>See</u> RSA 677:3, I (2008); <u>Robinson v. Town of Hudson</u>, 154 N.H. 563, 568 (2006) ("If a timely motion for rehearing fails to set forth all alleged errors with respect to the ZBA's decision on the merits, the party may not raise those grounds in a later appeal unless the court for good cause shown orders otherwise.").  Even assuming that these arguments

were raised before the ZBA, the record before us does not establish that the plaintiffs presented any evidence to the ZBA to support them, such as evidence establishing when the non-conforming lots were created or recent changes in the character of the neighborhood.

Nor did the plaintiffs offer evidence on these issues to the trial court. See RSA 677:10, :13 (2008). To the extent that the trial court might have misunderstood the plaintiffs' arguments, the plaintiffs failed to clarify their arguments when they moved for reconsideration of the trial court's order. See Super. Ct. Civ. R. 12(e). Upon this record, we cannot say that the trial court's order was unsupported by the evidence or legally erroneous. See Town of Bartlett, 164 N.H. at 760.

Finally, we address whether the trial court erred by upholding the ZBA's decision that the applicant failed to meet the unnecessary hardship and spirit of the ordinance criteria for a variance and by not addressing whether a variance would diminish surrounding property values. See RSA 674:33, I(b) (Supp. 2015). As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2