Merrimack
Nos. 2004-886
2006-111

MALACHY GLEN ASSOCIATES, INC.

v.

TOWN OF CHICHESTER

Argued: January 5, 2007
Opinion Issued: March 20, 2007

*Tarbell Professional Association,* of Concord (*Friedrich K. Moeckel* on the brief and orally), for the plaintiff.

*Upton & Hatfield, LLP,* of Concord (*Matthew R. Serge* on the brief and orally), for the defendant.

HICKS, J. In these consolidated land use appeals, the defendant, Town of Chichester (town), appeals a ruling of the Superior Court (*McGuire,* J.) reversing a decision by the Chichester Zoning Board of Adjustment (ZBA) to deny a variance to the plaintiff, Malachy Glen Associates, Inc. Because we affirm this ruling, we need not address the other issues raised on appeal.

The record reflects the following facts. In March 2000, the Chichester Planning Board approved a site plan submitted by the plaintiff to construct a self-storage facility on property located on Dover Road in Chichester. The site plan depicted structures and paved surfaces within one hundred feet of a wetland located on the property. The plaintiff recorded the site plan at the Merrimack County Registry of Deeds on September 20, 2000, when the town did not have a wetlands ordinance. On March 15, 2003, the town enacted a wetlands ordinance requiring a one-hundred-foot buffer around all wetlands. The plaintiff had not yet begun development of the site.

On September 9, 2003, the plaintiff applied for a variance from the wetlands ordinance. The ZBA denied the variance. After its motion for rehearing was denied, the plaintiff appealed the denial to the trial court, alleging, among other things, that "[t]he ZBA failed to consider [the] variance request under the standard articulated by the New Hampshire Supreme Court." The trial court agreed, and remanded the matter to the ZBA.

Upon remand, the plaintiff filed a new variance application which the ZBA bifurcated, *sua sponte,* into two separate requests. In May 2005, the ZBA granted a variance to "provide access only" to the property but denied the area variance request to build the storage unit structures within the one-hundred-foot buffer zone. The plaintiff filed a motion for rehearing, which was denied by the ZBA.

The plaintiff again appealed to the trial court arguing, among other things, that "the ZBA's decision is unlawful and unreasonable." The court again agreed, and ordered the ZBA to grant the variance, holding that although "the ZBA applied the correct legal standard in making it[s]

determination," it "failed to consider evidence placed before it." The town appealed this ruling.

> The superior court's review in zoning cases is limited. Factual findings of the ZBA are deemed *prima facie* lawful and reasonable and will not be set aside by the superior court absent errors of law, unless the court is persuaded by a balance of probabilities on the evidence before it that the ZBA decision is unreasonable. The party seeking to set aside the ZBA decision bears the burden of proof in the superior court.

*Garrison v. Town of Henniker*, 154 N.H. 26, 29 (2006) (citations omitted). Where the ZBA has not addressed a factual issue, the trial court ordinarily must remand the issue to the ZBA. *Chester Rod & Gun Club v. Town of Chester*, 152 N.H. 577, 583 (2005). However, remand is unnecessary when the record reveals that a reasonable fact finder necessarily would have reached a certain conclusion. *Simpson v. Young*, 153 N.H. 471, 474 (2006).

We will uphold the trial court's decision unless the evidence does not support it or it is legally erroneous. *Chester*, 152 N.H. at 580.

The town argues that the trial court erred when it reversed the ZBA's denial of the variance application because the plaintiff failed to establish four of the criteria required for the variance. We disagree.

■ An applicant seeking a variance must demonstrate that: (1) the variance will not be contrary to the public interest; (2) special conditions exist such that a literal enforcement of the provisions of the ordinance will result in unnecessary hardship; (3) the variance is consistent with the spirit of the ordinance; (4) substantial justice is done; and (5) granting the variance will not diminish the value of surrounding properties. *Garrison*, 154 N.H. at 30. Because the ZBA found that granting the variance would not result in a diminution of surrounding property values, this factor is not raised on appeal.

## I. Public Interest & Spirit of the Ordinance

The requirement that the variance not be contrary to the public interest is "related to the requirement that the variance be consistent with the spirit of the ordinance." *Chester*, 152 N.H. at 580.

> [T]o be contrary to the public interest ... the variance must unduly, and in a marked degree conflict with the ordinance such that it violates the ordinance's basic zoning objectives.
>
> One way to ascertain whether granting the variance would violate basic zoning objectives is to examine whether it would alter the essential character of the locality. . . .

> Another approach to [determine] whether granting the variance would violate basic zoning objectives is to examine whether granting the variance would threaten the public health, safety or welfare.

*Id.* at 581 (quotations and citation omitted).

The ZBA found that the variance would be contrary to the public interest and to the spirit of the ordinance because the project would "encroach on the wetland buffer" that was "put in place three years ago and reaffirmed in March 2005." The trial court found the ZBA's conclusion to be unreasonable. Noting that the ZBA found the project to be a "conforming commercial project in a commercial area," the trial court found that the project did not violate the "ordinance's basic objectives by altering the essential character of the locality." The court further found that the project will not injure the health, safety or welfare of the public because: (1) the ZBA granted a variance for access to the property, which encroaches closer to the wetlands; and (2) the ZBA had before it "credible and uncontroverted evidence" from the plaintiff's consultant "that this project will not injure the wetlands." We agree with the trial court that a reasonable fact finder could not have found otherwise.

█ The record shows that the properties in the area consist of a fire station, a gas station, and a telephone company. The project would consist of eight storage unit buildings of various sizes, with access to the property from Main Street. Therefore, the evidence was sufficient for the trial court to have found, as a matter of law, that granting the variance would not alter the essential character of the neighborhood.

█ Moreover, the proposed project includes a closed drainage system, a detention pond, and an open drainage system—all designed to protect the wetlands. In addition, the plaintiff's expert submitted a letter stating that the various detention ponds will work to ensure that the nearby wetland is not adversely affected. Thus, the evidence was sufficient for the trial court to have found, as a matter of law, that granting the variance would not threaten the public health, safety or welfare.

█ The town argues that the ZBA is not bound by the conclusions of the expert, and is entitled to consider its own knowledge of the area and conduct its own fact-finding, *Vannah v. Bedford*, 111 N.H. 105, 112 (1971), *overruled on other grounds by Cook v. Town of Sanbornton*, 118 N.H. 668, 671 (1978). The town points to the minutes of the ZBA meeting where one of the members of the ZBA voiced a concern about flooding in nearby Marsh Pond: "We have had troubles with wetlands that feed Marsh Pond and the overflowing of the pond. If there is a large area that is paved it will

diminish the absorption of rainwater." However, no discussion resulted from this comment, there was no evidence before the ZBA to support it, and, most tellingly, this was not listed in the ZBA's "Statement of Reasons" for finding that the plaintiff had failed to satisfy the public interest and spirit of the ordinance requirements nor in its Notice of Decision denying the variance. To the contrary, the ZBA's discussion on these factors centered around the infringement on the buffer: "it would be contrary because it infringes into the state wetland buffer"; "[it] would be contrary to the spirit because the wetland ordinance was put in place 3 years ago and reaffirmed in March 2005." However, the mere fact that the project encroaches on the buffer, which is the reason for the variance request, cannot be used by the ZBA to deny the variance.

We agree with the trial court that no reasonable fact finder could have found that the proposed project did not satisfy the public interest and spirit of the ordinance factors.

## II. Unnecessary Hardship

In *Boccia v. City of Portsmouth*, 151 N.H. 85, 94 (2004), we stated that an applicant seeking an area variance must satisfy the following two requirements to establish hardship: (1) an area variance is needed to enable the applicant's proposed use of the property given the special conditions of the property; and (2) the benefit sought by the applicant cannot be achieved by some other method reasonably feasible for the applicant to pursue, other than an area variance.

### A. Special Conditions of the Property

"Special conditions" requires that the applicant demonstrate that its property is unique in its surroundings. *Garrison*, 154 N.H. at 32-35. In addition, "the proposed project is presumed to be reasonable if it is a permitted use under the Town's applicable zoning ordinance. . . . If the use is allowed, an area variance may not be denied because the ZBA disagrees with the proposed use of the property." *Vigeant v. Town of Hudson*, 151 N.H. 747, 752-53 (2005). Recognizing that "[n]early 65% of the property is made up of wetlands or the 100-foot wetlands buffer" and the "configuration of the wetlands further reduces the buildable area," the trial court held that special conditions exist such that a variance is required to enable the plaintiff's proposed use of the property. *See* 3 K. YOUNG, ANDERSON'S AMERICAN LAW OF ZONING § 20.36, at 535 (4th ed. 1996) ("Satisfaction of the requirement that the circumstances which result in unnecessary hardship be peculiar to the applicant's property is most clearly established where the hardship relates to the physical

characteristics of the land."). We agree that the evidence before the ZBA would compel a reasonable fact finder to so find.

The town argues that the trial court incorrectly applied this factor by considering the "property in isolation, and not in relation to surrounding properties." The town points to the fact that the trial court denied the town's requested "ruling of law" on this issue. However, the requested ruling took specific language from a case that espoused a legal standard which has since changed. Further, the record reveals that the trial court did apply the correct standard; it quoted the *Vigeant* and *Boccia* standards in its order and found that "special conditions" exist on the property.

### B. Other Reasonably Feasible Method

■ Under the second factor, the ZBA must look at the project as proposed by the applicant, and may not weigh the utility of alternate *uses* in its consideration of the variance application. *Vigeant*, 151 N.H. at 753 ("In the context of an area variance ... the question [of] whether the property can be used differently from what the applicant has proposed is not material."). The applicant must show that there are no reasonably feasible alternative methods available to implement the proposed use. *Boccia*, 151 N.H. at 93.

■ We also consider whether an area variance is required to avoid an undue financial burden on the landowner, which includes examination of the relative expense of alternative methods. *Id.* If the proposed project could be constructed such that an area variance would not be required, the burden is on the applicant to show that these alternatives are cost-prohibitive. *See id.* Under this factor, the ZBA may consider the feasibility of a scaled down version of the proposed use, but must be sure to also consider whether the scaled down version would impose a financial burden on the landowner. *See id.* ("[T]his factor examines whether there is a reasonably feasible method or methods of effectuating the proposed *use* without the need for variances." (emphasis added)).

■ The trial court recognized that "in order to comply with the zoning ordinances," the plaintiff would have to "reduce its project by more than 50%" and that this "would result in financial hardship." No reasonable trier of fact could have found otherwise. Such a reduction is the only alternative to the project given the configuration of the property. Therefore, we conclude the record was sufficient for the trial court to find, as a matter of law, that there was no other reasonably feasible method of effectuating the proposed use without obtaining an area variance.

### III. Substantial Justice

"'Perhaps the only guiding rule [on this factor] is that any loss to the individual that is not outweighed by a gain to the general public is an injustice.'" 15 P. LOUGHLIN, NEW HAMPSHIRE PRACTICE, LAND USE PLANNING AND ZONING § 24.11, at 308 (2000) (*quoting* NEW HAMPSHIRE OFFICE OF STATE PLANNING, THE BOARD OF ADJUSTMENT IN NEW HAMPSHIRE, A HANDBOOK FOR LOCAL OFFICIALS (1997)). In *Labrecque v. Town of Salem*, 128 N.H. 455, 459 (1986), we also looked at whether the proposed development was consistent with the area's present use.

The ZBA found that the plaintiff did not meet this factor because there was "no evidence that scaling the project down would make it economically unviable." However, this is not the proper analysis under the "substantial justice" factor. Therefore, since the ZBA applied the wrong standard on this factor, the trial court could order the ZBA to grant the variance if it could find that the record showed, as a matter of law, that this requirement was met. *Chester*, 152 N.H. at 583.

The trial court found that

> the project is a storage facility in a commercial area that poses no further threat to the wetlands in the area. Since the project is appropriate for the area and does not harm its abutters, or the nearby wetlands, the general public will realize no appreciable gain from denying this variance.

The record supports the trial court's conclusion, and we hold that no reasonable fact finder could find otherwise. There was uncontroverted evidence that the project will not harm the wetlands, no abutters came forward against the project, and the project is an otherwise permitted use in the district. Accordingly, the trial court did not err in finding the plaintiff had established this factor.

Accordingly, we affirm the trial court's order requiring the ZBA to grant the plaintiff's "area variance as requested in its April 7, 2005 application."

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.