# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0495, <u>The RDM Trust & a. v. Town of Milford & a.</u>, the court on March 31, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse.

The plaintiff, Aaron Kaplan, Trustee of the RDM Trust, appeals the decision of the Superior Court (<u>Ignatius</u>, J.) affirming a decision of the Town of Milford Zoning Board of Adjustment (ZBA) granting, with conditions, the application of Nathan Langlais (owner) for an equitable waiver of dimensional requirements for a deck. <u>See</u> RSA 674:33-a, I (2008). The plaintiff argues that the court erred in affirming the ZBA's decision because the owner failed to meet the statutory requirements for an equitable waiver.

The owner and the plaintiff own abutting residential lots in the Town of Milford (town). In 2013, the owner built a deck on his house without obtaining the required permit from the town. After construction was completed, the town's building official issued a notice of violation. In response, the owner submitted a permit application, in which he estimated the distance from the deck to the boundary line of plaintiff's property to be approximately ten to twelve feet. Because the town's zoning ordinance includes a side setback requirement of fifteen feet, the building official required the owner to submit a survey. The owner's survey showed that both his house, which was built before the ordinance became effective, and the newly-constructed deck were approximately four feet from the side boundary line. The building department informed the owner that he would need to either remove the deck or obtain a special exception from the ZBA. The owner instead applied for an equitable waiver to allow for a reduced side setback for a deck on an existing non-conforming structure. In his application, the owner stated that he, "in good faith, reasonably calculated that the existing house met any required side setbacks, and the new deck was well within the rear setback."

At public hearings, the owner stated that he estimated that the distance from the deck to the side boundary line was ten to twelve feet, and that after the survey was completed, he realized his mistake. The ZBA found that the violation was the result of a "good faith error" in calculation and granted the owner an equitable waiver of the fifteen-foot side setback requirement. The plaintiff appealed, and the superior court affirmed.

Our review in zoning cases is limited.  Taylor v. Town of Wakefield, 158 N.H. 35, 38 (2008).  Factual findings of the ZBA are deemed prima facie lawful and reasonable and will not be set aside by the superior court absent errors of law, unless the court is persuaded by a balance of probabilities on the evidence before it that the ZBA's decision is unreasonable.  Id.; see RSA 677:6 (2008).  The party seeking to set aside the ZBA decision in the superior court bears the burden of proof.  Malachy Glen Assocs. v. Town of Chichester, 155 N.H. 102, 105 (2007).  We, in turn, will uphold the superior court's decision unless it is not supported by the evidence or is legally erroneous.  Id.

To obtain an equitable waiver under RSA 674:33-a, an applicant must meet four criteria.  See Taylor, 158 N.H. at 40; RSA 674:33-a, I(a)-(d).  Because an applicant must meet all four requirements, for purposes of this appeal, we need address only RSA 674:33-a, I(b).  That subsection states that absent certain conditions, the violation for which the applicant seeks an equitable waiver must have been caused by one of two conditions:  (1) an error in measurement or calculation by the owner or owner's agent; or (2) an error by a municipal permitting official in interpreting or applying the ordinance.  See Taylor, 158 N.H. 40-41; RSA 647:33-a, I(b).  In this case, the owner does not assert that the violation was the result of a municipal permitting official's error.  Thus, the issue here is whether the violation was caused by an error in measurement or calculation by the owner or his agent.

In affirming the ZBA's decision, the superior court noted that "[t]here is no question it would have been better if the owner[ ] had sought a permit as required," and that the permitting process "would likely have revealed the actual lot line."  The court found, however, that the owner's estimate of ten to twelve feet between his deck and the plaintiff's property line was "a good faith error in calculation," and on that basis, it affirmed the ZBA's finding that the applicant met the criteria set forth in RSA 674:33-a, I(b).

In Taylor, we rejected the argument that RSA 674:33-a, I(b) should be construed to allow an equitable waiver for an "honest mistake" or a "legitimate mistake," when the record did not support a finding that the violation was caused by an owner's error in measurement or calculation.  See Taylor, 158 N.H. at 42.  In this case, nothing in the record supports a finding that the owner's mistaken estimate caused the setback violation.  Even if there were ten to twelve feet separating the deck from the boundary line, the property owner still would have been in violation of the setback requirement.  Accordingly, we conclude that the court erred in finding that the record supported the ZBA's finding that the requirements of RSA 674:33-a, I(b) were met.

We note that the building official advised the owner that he would need to apply for a special exception, and in its brief the town states that its ordinance contains a provision that allows for a limited expansion of non-

2

conforming uses by special exception. Our decision is without prejudice to the owner's right to pursue such other remedies.

In light of our decision, we need not address the plaintiff's remaining arguments.

<u>Reversed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**