# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0383, <u>Patrick Walsh & a. v. Village District of Little Boar's Head</u>, the court on March 10, 2017, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Patrick Walsh and Karen Walsh, appeal the decision of the Superior Court (<u>Wageling</u>, J.) affirming the decision of the Village of Little Boar's Head Zoning Board of Adjustment (board) upholding the issuance of a building permit to the intervenor, Joan Granlund, to remove and replace a tennis court on her residential property. The plaintiffs argue that the court erred in concluding that the replacement of the existing asphalt tennis court with a new, rubber turf tennis court in the same location, having the same dimensions, constitutes a continuation of a pre-existing, non-conforming use.

The parties do not dispute that the tennis court, having been constructed on the property prior to the adoption of the relevant wetlands buffer and property line setback requirements in the zoning ordinance for the Village of Little Boar's Head District (village), constituted a pre-existing, non-conforming use. The acting zoning inspector for the village issued a permit to the intervenor pursuant to Section VIII(A) of the ordinance, which provides, in relevant part, that a lawful, pre-existing, non-conforming use "may be continued" despite such non-conformity. <u>See Little Boar's Head District Zoning Ordinance</u> Section VIII(A) (2015) (prior version). The permit specified that the tennis court "can be replaced, but not increased in size in any direction." The plaintiffs appealed the permit to the board. After a hearing, the board voted unanimously to uphold the permit. Following the board's denial of their motion for rehearing, the plaintiffs appealed to the superior court, which affirmed the board's decision.

Our review in zoning cases is limited. <u>Merriam Farm, Inc. v. Town of Surry</u>, 168 N.H. 197, 199 (2015). The zoning board's factual findings are deemed <u>prima</u> <u>facie</u> lawful and reasonable and will not be set aside by the superior court absent errors of law, unless the court is persuaded by a balance of probabilities on the evidence before it that the board's decision is unreasonable. <u>Id</u>.; <u>see</u> RSA 677:6 (2016). The party seeking to set aside the board's decision in the superior court bears the burden of proof. <u>Malachy Glen</u>

Assocs. v. Town of Chichester, 155 N.H. 102, 105 (2007). We, in turn, will uphold the superior court's decision unless it is not supported by the evidence or is legally erroneous. Id.

The plaintiffs argue that the superior court erred in affirming the board's decision because the ordinance only allows for a pre-existing, non-conforming use to be "continued," and the intervenor's plan to "remove and replace" the existing tennis court necessarily involved a period of discontinuity, thereby eliminating its "grandfathered" status. The superior court concluded that the board implicitly found, as a factual matter, that the tennis court continued to exist as a non-conforming structure within the meaning of Section VIII of the ordinance, see Pappas v. City of Manchester Zoning Bd., 117 N.H. 622, 625 (1977) (affirming zoning board's implicit findings), and that the board's implicit finding was not unreasonable, see Merriam Farm, 168 N.H. at 199 (court will not set aside board's findings unless erroneous or unreasonable).

The plaintiffs also argue that to interpret the ordinance to allow for the voluntary removal and replacement of a pre-existing, non-conforming structure would be inconsistent with the zoning objective to reduce or eliminate non-conformity "as completely and rapidly as possible." New London Land Use Assoc. v. New London Zoning Board, 130 N.H. 510, 518 (1988) (quotation omitted). The court noted, however, that some municipalities have adopted ordinances expressly allowing non-conforming uses to continue indefinitely, see, e.g., Guy v. Town of Temple, 157 N.H. 642, 644 (2008) (noting that pre-existing, non-conforming uses "may be continued indefinitely" under ordinance), and ruled that if the objective of the ordinance was to eliminate non-conformity as soon as possible, then the village could have drafted the ordinance differently, see Anderson v. Motorsports Holdings, 155 N.H. 491, 495 (2007) (noting that "we will not guess what the drafters of the ordinance might have intended, or add words that they did not see fit to include").

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the superior court's well-reasoned order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2