**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0480, <u>Martha Fuller Clark & a. v. City of Portsmouth</u>, the court on May 25, 2017, issued the following order:**

The plaintiffs' request to include the transcript of the September 15, 2015 hearing before the City of Portsmouth (city) Zoning Board of Adjustment (ZBA) in the record on appeal is granted. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Betty Morton Belcher, Matthew Morton, Ann Morton, Jane Morton Man, Gregory E. Sancoff, Nancy Steele-Elwell, Belcher Market Realty, LLC, Betty Morton Belcher Revocable Trust, Jane Man Associates, LLC, and Seth Morton Associates, LLC[1], appeal the order of the Superior Court (<u>Delker</u>, J.) affirming the ZBA's decision to uphold decisions of the city's Historic District Commission (commission) granting a conditional use permit and a certificate of approval to the intervenors, Deer Street Development Company, Inc., and North End Master Development, LP, to construct a multi-use complex.

Our review in zoning cases is limited. <u>Merriam Farm, Inc. v. Town of Surry</u>, 168 N.H. 197, 199 (2015). The ZBA's factual findings are deemed <u>prima facie</u> lawful and reasonable and will not be set aside by the superior court absent errors of law, unless the court is persuaded by a balance of probabilities on the evidence before it that the decision is unreasonable. <u>Id</u>.; <u>see</u> RSA 677:6 (2016). The party seeking to set aside the ZBA's decision in the superior court bears the burden of proof. <u>Malachy Glen Assocs. v. Town of Chichester</u>, 155 N.H. 102, 105 (2007). We, in turn, will uphold the superior court's order unless it is not supported by the evidence or is legally erroneous. <u>Id</u>.

The plaintiffs first argue that the superior court erred because the ZBA refused to consider traffic, parking, and safety issues in reviewing the commission's decisions to grant the intervenors a conditional use permit and a certificate of approval. The intervenors assert, and the plaintiffs do not dispute, that the city's planning board reviewed traffic, parking, and safety issues as part of its site plan review, and that, in a separate proceeding, the superior court upheld the site plan. The trial court ruled that the ZBA did not err in refusing to consider traffic, parking, and safety issues because the

---

[1] Plaintiff Martha Fuller Clark is not participating in this appeal.

commission's review criteria focus on the aesthetic and architectural characteristics of the proposed project and do not require the commission to consider traffic, parking, or safety issues.

The plaintiffs also argue that the commission, planning board, and ZBA failed to consider whether the project complies with the city's master plan. RSA 674:21, II (2016) provides that when a zoning ordinance such as the city's vests administration of innovative land use controls, such as a conditional use permit, in a board other than the planning board, the planning board shall review the proposal and set forth its comments in writing. The superior court, noting that the statute does not require the planning board to explicitly reference the master plan in its comments, ruled that the planning board's "two, minor comments" can reasonably be understood to mean that it agreed with the commission that the project satisfied the applicable criteria. See Thomas v. Town of Hooksett, 153 N.H. 717, 724 (2006) (ZBA's decision to grant variance "amounted to an implicit finding by the board" that applicable factors were met).

Finally, the plaintiffs argue that the superior court erred in ruling that they lacked standing to enforce certain representations that a principal of the intervenors allegedly made to the city council in order to obtain an exception to the amendment to the zoning ordinance eliminating the provision allowing buildings to exceed 45 feet in height by conditional use permit. The plaintiffs alleged that the principal told the council that most of the proposed building would be no higher than 45 feet, but that, in fact, most of the building, as approved, is 60 feet in height. The intervenors counter that, among other things, this issue is beyond the scope of this appeal because the ZBA lacks jurisdiction to overturn a council decision. See Dembiec v. Town of Holderness, 167 N.H. 130, 135 (2014) (zoning boards lack general equitable jurisdiction). The trial court ruled that the plaintiffs lack standing to raise this claim. See Duncan v. State, 166 N.H. 630, 640-48 (2014) (discussing standing requirements).

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the superior court's well-reasoned order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,<br>Clerk**