**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0687, <u>Quarry at Milford, A Condominium Unit Owners' Association v. Eber L. Currier & a.</u>, the court on December 20, 2017, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiff, Quarry at Milford, A Condominium Unit Owners' Association, appeals the order of the Superior Court (<u>Temple</u>, J.) upholding the decision of the Town of Milford Zoning Board of Adjustment (the board) to conditionally approve the variance application of the defendants, Eber L. Currier and Gertrude A. Currier, Trustees of the Eber and Trudy Currier Family Trust (the trust), in which the trust proposed operating an indoor and outdoor self-storage business and commercial automotive garage. We affirm.

Review in zoning cases is limited. <u>Merriam Farm, Inc. v. Town of Surry</u>, 168 N.H. 197, 199 (2015). The board's factual findings are deemed <u>prima</u> <u>facie</u> lawful and reasonable and will not be set aside by the superior court absent errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that the decision is unlawful or unreasonable. <u>Id</u>.; see RSA 677:6 (2016). The party seeking to set aside the board's decision in the superior court bears the burden of proof. <u>Malachy Glen Assocs. v. Town of Chichester</u>, 155 N.H. 102, 105 (2007). We will uphold the trial court's order unless it is not supported by the evidence or is legally erroneous. <u>Id</u>.

On appeal, the plaintiff argues that the trial court erred by finding that the board's approach of considering each of the trust's proposed uses separately prior to granting the variance was lawful and reasonable. The plaintiff asserts that the board decided "to effectively treat a single variance request as three variance requests" because "the [board's] actual substantive deliberations demonstrated that it considered each proposed use separately and did not consider the proposed development as a whole."

According to the plaintiff, the board "lacked jurisdiction to treat the application as three separate applications" because the board's notice of hearing, "even as revised, did not apprise that the [board] was going to treat the single variance request as three separate requests for the three uses sought by the [trust]." Additionally, the plaintiff contends that, "[b]y focusing upon the individual uses separately . . . the [board] simply did not really address the actual proposal before it" and, in failing to do so, "made what should have been

a more difficult case that much simpler for the [trust] to the detriment of the abutters."

The trial court ruled that the board had jurisdiction to rule upon the trust's variance application because the amended notice of hearing "indicated that the [b]oard would be considering a single variance application for several non-conforming uses" and "the [b]oard ultimately decided to treat the application in this very manner — as one variance requesting multiple non-conforming uses." Moreover, the court rejected the plaintiff's argument that the board failed to consider the proposed development as a whole, finding that the board "could have reasonably concluded that the cumulative effect [of the uses] was inconsequential" and that the board had, in fact, "implicitly considered the cumulative impact of the project when it decided to vote on the variance as a single application."

The plaintiff further argues that the record does not support the trial court's finding that the board implicitly considered the cumulative impact of the proposed uses. In so finding, the court relied upon the board's decision to vote on the variance as a single application and on the fact that "much of the [trust's] evidence . . . focused on the effect of more than one use." See Thomas v. Town of Hooksett, 153 N.H. 717, 724 (2006) (zoning board's decision to grant variance "amounted to an implicit finding by the board" that applicable factors were met).

Next, the plaintiff maintains that the court erred by upholding the board's finding that the variance was neither contrary to the public interest nor inconsistent with the spirit of the zoning ordinance. See RSA 674:33, I(b)(1), (2) (2016). Specifically, the plaintiff contends that the court erred because: (1) neither the board nor the court "focused upon the relevant intent" of the applicable zoning ordinance; (2) the board and the court relied upon the existence of a nearby self-storage facility in a different zoning district as a relevant factor in their analyses; and (3) the record does not otherwise support the board's finding.

As a general matter, a variance is not contrary to the public interest or inconsistent with the spirit of the ordinance merely because it conflicts with the terms of the ordinance; instead, the variance must "violate the ordinance's basic zoning objectives." Harborside Assocs. v. Parade Residence Hotel, 162 N.H. 508, 514 (2011) (quotation omitted). We have recognized that granting a variance would violate an ordinance's basic zoning objectives when it would either alter the essential character of the neighborhood or threaten the public health, safety or welfare. See id. Here, the court found that the record supports the board's conclusion that the variance will not alter the essential character of the neighborhood based upon evidence that the property's pre-existing use and the trust's proposed uses are similar in nature and evidence that there are similar commercial properties nearby. Additionally, the court

2

determined that the record supports the board's finding that the variance will not threaten the public health, safety or welfare based upon a report provided by the Milford Police Department, a traffic study, and the board's determination that the Town of Milford Planning Board has the requisite expertise to address certain environmental concerns that the board identified with the trust's proposal.

The plaintiff also asserts that the court erred by affirming the board's finding that the variance will not cause surrounding property values to diminish. See RSA 674:33, I(b)(4) (2016). The court found that the board's decision was supported by an expert appraiser's report, the aforementioned traffic study, and the board members' own familiarity with the area. See Vannah v. Bedford, 111 N.H. 105, 108 (1971) ("In arriving at a decision, the members of the board can consider their own knowledge concerning such factors as traffic conditions, surrounding uses, etc., resulting from their familiarity with the area involved."), overruled on other grounds by Cook v. Town of Sanborton, 118 N.H. 668, 671 (1978).

The plaintiff further claims that the court erred by upholding the board's finding that denying the variance would result in an unnecessary hardship. See RSA 674:33, I(b)(5) (2016). To establish unnecessary hardship, a variance applicant generally must show that "owing to special conditions of the property that distinguish it from other properties in the area . . . the proposed use is a reasonable one." RSA 674:33, I(b)(5)(A). Here, the plaintiff maintains that the court erred because the record does not support the finding that a link exists between any special conditions of the property and the reasonableness of the trust's proposed uses. The plaintiff also suggests that the court erred by relying upon the historical non-conforming use of the commercial garage on the property as a special condition of the property. The court found that the record supports the board's finding that the trust's proposal is reasonable in light of special conditions of the property, pointing to the commercial garage that already exists on the property and its "history of use" and to evidence that a wetland and an easement on the property restrict the trust's ability to use and develop the land in a manner that complies with the zoning ordinance.

Finally, the plaintiff argues that the court erred by upholding the board's finding that the variance will work substantial justice. See RSA 674:33, I(b)(3) (2016). "Perhaps the only guiding rule [as to this factor] is that any loss to the individual that is not outweighed by a gain to the general public is an injustice." Farrar v. City of Keene, 158 N.H. 684, 692 (2009) (quotation omitted). "[W]hether the proposed use is consistent with the area's present use" is also a factor. Id. The plaintiff asserts that the court erred because: (1) the record is incomplete with respect to the proposal's impact upon the health, safety and welfare of the public and upon the environment; (2) the board and the court failed to consider that the trust could use the existing garage as an office building pursuant to a special exception; and (3) the board and the court

3

failed to consider that the trust "presumably knew" that it had purchased a property with a non-conforming use.  The court determined that the record supports the board's substantial justice finding based upon evidence that denying the variance would prohibit the trust from using the property's existing garage for its intended purpose and evidence that the trust's proposal will have less of an impact on the public than the pre-existing use.

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  See Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the superior court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.


**Eileen Fox,**
**Clerk**